James R. DURHAM, Jr., Petitioner-Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Respondent-Appellee.

No. 26897.

United States Court of Appeals Fifth Circuit.

April 3, 1969.

James R. Durham, Jr., pro se.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

Appellant sought an injunction in the district court against the warden of the United States Penitentiary in Atlanta. His complaint was that the warden denied him the right of access to the courts through action embraced in the following notice which appeared in the prison newspaper:

> "Effective June 14, 1968 the library will not be able to accept any further legal material for typing. You are advised that you may submit handwritten material to a public stenographer or to a relative for typing. Any expense, other than postage, must be paid from your personal funds."

The district court denied injunctive relief, pointing out that the court had considered and would continue to consider handwritten petitions and supporting material from prison inmates.

Appellant's argument narrows to two contentions. First, he urges, based on Griffin v. Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, that those prisoners having the wherewithal would file typed pleadings and therefore an indigent prisoner should be able to do likewise. Second, the right of an indigent prisoner would be impeded because of the court not being able to read handwritten material.

■ The principle of law here involved is the right of access of a prison inmate to the courts. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (Feb. 24, 1969); Long v. District Court, 1966, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290; Smith v. Bennett, 1961, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39.

Appellant was not denied access to the courts by the regulation in question nor was he entitled to injunctive relief. We do not believe that Griffin v. Illinois, supra, can be extended to such length as appellant advocates, and we are certain that a prisoner can proceed in handwritten form. In fact, it appears that this is the fourth in a series of suits filed by appellant.

Affirmed.

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165, Fn 1 and Appendix thereto.