**John Brent TARLTON, Jr., Petitioner-Appellant,**

v.

**J. D. HENDERSON, Warden, et al., Respondents-Appellees.**

**No. 72–1895.**

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1972.

John Brent Tarlton, Jr., Pro Se.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The appellant in this case, a federal prisoner, sought mandamus to compel prison officials to allow him to purchase a typewriter for his personal use. He contended below that the officials' refusal to allow him to buy a typewriter constituted a denial of his right of access to the courts, and an illegal restraint of trade in violation of the Sherman Antitrust Act. The district court denied the petition for mandamus. We affirm.[1]

This Court has not previously decided whether prison inmates must be permitted to purchase typewriters. In Durham v. Blackwell, 5 Cir. 1969, 409 F.2d 838, we held that a prison library

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), since the appellant failed to file a brief within the time fixed by Fed.R.App.P. 31. Kimbrough v. Beto, 5 Cir. 1969, 412 F.2d 981.

was not obligated to type prisoners' legal briefs for them, since the courts accept handwritten briefs. Since a litigant's cause is not prejudiced by the filing of a handwritten brief, a prohibition against the purchase of typewriters cannot constitute denial of access to the courts.

 The appellant's second contention is likewise without merit, since the Sherman Antitrust Act does not apply to government activities of this sort. See, e. g., Alabama Power Co. v. Alabama Elec. Co-op, Inc., 5 Cir. 1968, 394 F.2d 672, 675, cert. denied, 1968, 393 U.S. 1000, 89 S.Ct. 488, 21 L.Ed.2d 465.

The order of the district court is affirmed.