Kermit STUBBLEFIELD, Petitioner-Appellant,

v.

J. D. HENDERSON, Warden, U. S. Penitentiary, Atlanta, Georgia, Respondent-Appellee.

Nos. 72-2812, 72-2813.

United States Court of Appeals, Fifth Circuit.

March 1, 1973.

Kermit Stubblefield, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This appeal comes before us under the provisions of Local Rule 9(c)(2), the appellant having failed to file a brief.[1] We affirm the judgment below.

Appellant, an inmate of the federal penitentiary in Atlanta, Georgia, filed his complaint in the district court alleging that he has been denied the assistance of another inmate to type letters on legal matters. The district court dismissed the petition without prejudice to refile upon exhaustion of administrative remedies. Appellant sought relief from the Bureau of Prisons, which advised him that regulations at Atlanta provide that typewriters and typists are available only for preparation of writs, not for letters. Appellant then refiled his petition in the district court, and the petition was dismissed.

It is well established that an inmate has no federally protected right to the use of typewriters to prepare legal writs. Williams v. United States Department of Justice, 5th Cir. 1970, 433 F.2d 958; Durham v. Blackwell, 5th Cir. 1969, 409 F.2d 838; see also Tarlton v.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

Henderson, 5th Cir. 1972, 467 F.2d 200. It follows, therefore, that an inmate has no federally protected right to use typewriters for correspondence, whether personal or legal. The judgment below is affirmed.

Affirmed.