James Henry EISENHARDT,
Plaintiff-Appellant,

v.

S. J. BRITTON et al., Defendants-
Appellees.

No. 73-1279

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 7, 1973.

James Henry Eisenhardt, pro se.

John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, petitioner James Henry Eisenhardt, a former inmate of the Federal Penitentiary in Atlanta, Georgia, seeks redress in the form of damages from various prison officials for a tort which he dubs "abuse of process." The genesis of the conflict is a certain misconduct report filed by the defendants and charging the petitioner with the unlawful use of a prison typewriter to type a court petition. After months of patient accommodation to this law suit, the trial court granted defendants' motion to dismiss. We affirm.

While this court earnestly seeks to remain detached from the every day administrative problems of a prison, Royal v. Clark, 5 Cir., 1971, 447 F.2d 501; Krist v. Smith, 5 Cir., 1971, 439 F.2d 146; Granville v. Hunt, 5 Cir., 1969, 411 F.2d 9, we are never reluctant to strike down impediments to a prisoner's constitutionally guaranteed right of access to the courts. See Cruz v. Hauck, 5 Cir., 1973, 475 F.2d 475. But the availability of a typewriter is not necessary for judicial review. Durham v. Blackwell, 5 Cir., 1969, 409 F.2d 838; Tarlton v. Henderson, 5 Cir., 1972, 467 F.2d 200; Stubblefield v. Henderson, 5 Cir., 1973, 475 F.2d 26; Sprouse v. Moore & Henderson, 5 Cir., 1973, 476 F.2d 995. Unless judicial intervention

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409.

is necessary to secure constitutional rights, the courts will not interfere with matters of pure internal prison management. Clearly, appellant's conduct here is just such a matter.

Affirmed.