Paul **BIJEOL** et al.

v.

Charles L. **BENSON**, Warden, et al.

No. TH 75–24–C.

United States District Court,
S. D. Indiana,
Terre Haute Division.

Oct. 31, 1975.

Paul Bijeol pro se.

Michael G. Schwartz pro se.

Ronald Silverman pro se.

John E. Hirschmann, U.S. Atty., George E. Palmer, Asst. U.S. Atty., Indianapolis, Ind., S. Cass Weiland, Dept. of Justice, Washington, D.C., for defendants.

NOLAND, District Judge.

### MEMORANDUM ENTRY

The plaintiffs are presently or were formerly prisoners at the United States Penitentiary at Terre Haute, Indiana, and have filed this action purportedly as a "class" pursuant to Rule 23 of the Federal Rules of Civil Procedure seeking damages and declaratory and injunctive relief. The plaintiffs contend that certain policies and practices of the officials at the United States Bureau of Prisons and the United States Penitentiary at Terre Haute, Indiana, have deprived, and will continue to deprive, the plaintiffs of their constitutional rights. In the second paragraph of plaintiffs' complaint, jurisdiction of this court is allegedly invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4), and 28 U.S.C. §§ 2201, 2202.

Since the complaint is broken down into six causes of action and the claims of plaintiff Paul Bijeol are not directly related to the claims of plaintiffs Michael G. Schwartz and Ronald Silverman, it is necessary to separately enumerate the claims of each plaintiff herein.

Plaintiff Bijeol in the first cause of action challenges (1) a prison policy prohibiting an inmate from sending money to a former inmate at the penitentiary through the mail; (2) the strict prison policies in reference to the authorization of checks drawn on a prisoner's account; (3) a prison practice allowing officials to divulge the amount in a prisoner's commissary account without such prisoner's consent or a court order; and (4) the failure of the government to pay interest on funds in the prisoner commissary accounts.

Plaintiff Bijeol alleges in his second cause of action that he and other federal prisoners have been arbitrarily denied the right to own a personal typewriter in violation of 42 U.S.C. § 1983 and other constitutional rights of prisoners.

The third cause of action deals with the policies and practices of the defendants in the opening and inspecting of out-going prisoner mail. The plaintiffs contend the defendants are interfering with their freedom of speech and expression by not allowing out-going prisoner mail to be sealed by the prisoner.

In the fourth cause of action, plaintiff Schwartz contends that the defendants have infringed on his Fourth Amendment rights to be free from unlawful searches. The plaintiff contends the defendants conducted a rectal search on

his person without a warrant or probable cause therefor. The plaintiff also alleges that such searches constitute cruel and unusual punishment.

In the fifth cause of action, plaintiff Silverman brings a similar claim to that of plaintiff Schwartz. The plaintiff further contends that he was given an enema without a warrant or probable cause therefor, and that such search and enema constituted cruel and unusual punishment. The plaintiff asserts that since the search was conducted at 9:00 P.M. in his cell, this was a further violation of his rights.

The sixth cause of action asserts that the administrative remedy procedure set up to hear prisoner complaints is ineffective and thereby denies prisoners access to the courts. The administrative procedure is further alleged to deny prisoners their rights to due process under the law.

For the reasons hereinbelow discussed, the Court must dismiss parts of the complaint herein for lack of subject matter jurisdiction and the remainder for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

■ Initially the Court must point out that federal prisoners must demonstrate an attempt to exhaust their administrative remedies in accordance with Bureau of Prisons' policy before seeking judicial relief. *Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). In the case of *Jones v. Carlson*, 495 F.2d 209 (5th Cir. 1974), the Court recognized that before federal prisoners may seek injunctive and other relief arising out of alleged interference with pending litigation they must seek relief through the proper administrative channels before presenting their grievances for judicial review. *See also Knight v. Henderson*, 500 F.2d 389 (5th Cir. 1974); *Ross v. Henderson*, 491 F.2d 116 (5th Cir. 1974); *Waddell v. Alldredge*, 480 F.2d 1078 (3rd Cir. 1973); *Rivera v. Toft*, 477 F.2d 534 (10th Cir. 1973); *Paden v. United States*, 430 F.2d 882 (5th Cir. 1970); *Vida v. Cage*, 385 F.2d 408 (6th Cir. 1967); *Smoake v. Willingham*, 359 F.2d 386 (10th Cir. 1966); *McNeal v. Taylor*, 313 F.Supp. 200 (W.D.Okl.1970); *Murphy v. Surgeon General*, 269 F.Supp. 227 (D.Kan.1967).

■ Pursuant to 18 U.S.C. § 4001 and § 4042, the Bureau of Prisons is delegated primary responsibility for the supervision of federal prisoners. Under that authority the Bureau has promulgated certain regulations establishing a means for prisoners to file their complaints and grievances concerning prison administration. The plaintiffs herein have not made an attempt to exhaust their administrative remedies in accordance with Bureau of Prisons policy statement 2001.6 (February 14, 1974) or the Terre Haute Penitentiary procedures set forth in policy statement TH–2001.6 (March 27, 1974). Therefore, the Court lacks jurisdiction to hear the allegations contained in the plaintiffs' complaint.

■■ Furthermore, as to all of the causes of action, the court must point out that plaintiffs' reliance on sections 1983, 1985 and 1986 of Title 42 of the United States Code is ill-founded. Those sections of the Civil Rights Act of 1871 seek to provide a remedy for persons whose federally protected rights are violated *under color of state law*. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961). Since the defendants herein are federal officials acting under authority of federal law, the plaintiffs have no claim against them based on 42 U.S.C. §§ 1983, 1985 and 1986, and this court does not have jurisdiction pursuant to 28 U.S.C. § 1343(3). *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n. 2, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); *Smith v. United States Civil Service Commission*, 520 F.2d 731 (7th Cir. 1975); *Norton v. McShane*, 332 F.2d 855 (5th Cir. 1964), *cert denied*, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); *LaRouche v. City of New York*, 369 F.Supp. 565 (S. D.N.Y.1964). Plaintiffs have also cited § 1343(4) as a basis for subject matter

jurisdiction of this case, but they have not asserted which *federal* statute the defendants have violated in allegedly depriving the plaintiffs of their civil rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 409 F.2d 718, 720 n. 1 (2nd Cir. 1969), *rev'd on other grounds,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

██ As to the plaintiffs' claim that subject matter jurisdiction is predicated upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, the law is well settled that such Act merely creates a remedy and does not, in and of itself, establish a jurisdictional basis for the action. *See Skelly Oil Co. v. Phillips,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1949).

██ Therefore, unless the plaintiffs' claims can satisfy the jurisdictional prerequisites of 28 U.S.C. § 1331, this court must dismiss this action for lack of subject matter jurisdiction. Since the plaintiffs must satisfy 28 U.S.C. § 1331 for the alleged deprivations of their federally protected rights, they must allege sufficient facts to establish that the $10,000 amount in controversy requirement has been satisfied. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Oestereich v. Selective Service Board,* 393 U.S. 233, 89 S.Ct. 414, 21 L. Ed.2d 402 (1968); *Giancana v. Johnson,* 335 F.2d 366 (7th Cir. 1964). The plaintiffs herein have not alleged sufficient facts to demonstrate that the necessary amount in controversy has been established as to the first, second, third and sixth causes of action. The mere allegation of the necessary jurisdictional amount is not sufficient and claims that are not measurable in dollars and cents fail to satisfy the jurisdictional requirements of § 1331. *McGraw v. Farrow,* 472 F.2d 952 (4th Cir. 1973). In determining whether federal question jurisdiction exists, this court is bound by the strict requirements of § 1331, not the language of the constitution. *See also, Gomez v. Wilson,* 155 U.S.App.D.C. 242, 477 F.2d 411, 421 n. 56 (1973); *Calvin v. Conlisk,* 367 F.Supp. 476 (N.D.Ill. 1973). The Court believes that the claims of plaintiff Bijeol herein alleging such deprivation of rights as the denial of a typewriter for use in prisoner petitions, the denial of interest on commissary accounts, and alleging inadequate prison administrative remedies, etc., are incapable of measurement as to monetary value, and thus said plaintiff has failed to satisfy the requirements for federal jurisdiction under § 1331.

██ Additionally, despite the above discussed problems with the necessary jurisdictional amount, plaintiff Bijeol's claims fall short of rising to the level of constitutional deprivations. A federal prisoner has no constitutional right to send money through the mails to a former inmate nor does he have a constitutional right to draw interest on his commissary account. As to the plaintiff's request for a typewriter, other courts have held that a prisoner has no constitutional right to personally own a typewriter. *See e. g., Tarleton v. Henderson,* 467 F.2d 200 (5th Cir. 1972) and *Durham v. Blackwell,* 409 F.2d 838 (5th Cir. 1969). As to plaintiff Bijeol's other claims, this Court will not interfere with the responsibility which rests with the Bureau of Prisons for the proper management of prisons *Perez v. Turner,* 462 F.2d 1056 (10th Cir. 1972), *cert. denied,* 410 U.S. 944, 93 S.Ct. 1381, 35 L.Ed.2d 611 (1973); *Breedon v. Jackson,* 457 F. 2d 578 (4th Cir. 1972); *Courtney v. Bishop,* 409 F.2d 1185 (8th Cir. 1969), *cert. denied* 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969). Since judicial intervention is not necessary herein to secure constitutional rights, the Court will not interfere with matters of pure internal prison management. *Eisenhardt v. Britton,* 478 F.2d 855 (5th Cir. 1973).

For the above reasons, the claims of plaintiff Bijeol as set out in his first, second, third and sixth causes of action must be dismissed for lack of subject matter jurisdiction.

As to the claims of plaintiffs Schwartz and Silverman, while it can be argued that they have alleged sufficient facts to satisfy the necessary jurisdictional amount under § 1331, the Court believes that said claims must be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs basically allege that the defendants conducted unlawful searches of the plaintiffs' body cavities without a warrant or probable cause therefor. In the case of *Daugherty v. Harris*, 476 F.2d 292 (10th Cir. 1973), *cert. denied* 414 U.S. 872, 94 S.Ct. 112, 38 L.Ed.2d 91 (1973), the Court was faced with a similar claim against the Warden of a federal penitentiary for conducting a rectal search on the person of the plaintiff. In that case, the Court recognized the need to insure the safety of prison officials and other inmates by allowing the practice of conducting rectal searches so as to prevent the smuggling of contraband into the prison. The *Daugherty* case held that such searches are reasonable and lawful in the setting of a federal prison unless they are carried out in a wanton manner, notwithstanding the fact that a warrant is not obtained prior to the search. The plaintiffs herein do not set forth any acts of the defendant alleging any such wanton conduct on the part of the prison officials. In fact, the complaint alleges that such searches were carried out in accordance with a prison policy statement covering the procedure to be followed by prison officials. *See also* the recent case of *Ferguson v. Caldwell*, 392 F.Supp. 750 (D. Ariz.1975), which recognizes that prison inmates are subject to searches without a warrant or probable cause. Again, this Court is without the power to interfere with the internal management of the federal prisons. The Bureau of Prisons is invested with wide discretion for the proper control of safety in said prisons and its policies and the conduct of its officials will be upheld unless it is clear that the prisoners' constitutional rights are being violated through arbitrary and capricious conduct on the part of prison officials.

For the above reasons, plaintiffs' fourth and fifth causes of action must be dismissed for failure to state a claim upon which relief can be granted.