810 F.2d 203
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John R. TURNER, Plaintiff-Appellant,
v.
OHIO ATTORNEY GENERAL, et al., Defendants-Appellees.
 No. 85-3264.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Turner appeals pro se from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 At the time he filed his complaint, Turner was a prisoner at the Chillicothe Correctional Institution in Chillicothe, Ohio. The defendants are the state of Ohio and various state and prison officials. Turner's complaint alleges that he was arbitrarily given a court ticket, that the prison officials refused to send his legal mailings by certified mail, and that prison officials refused to allow him to use a typewriter he had purchased. The district court entered an order requiring Turner to file an affidavit specifying the connections of each defendant to the alleged claims. When Turner failed to comply with this order, the district court dismissed the case.
 
 
 3
 The district court properly followed all the procedures set forth in Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983). Although the complaints of pro se plaintiffs are not held to the same standard as complaints by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), conclusory allegations are not sufficient to state a claim. Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir.1971). Turner's allegations concerning his first two claims are merely conclusory, and the district court was correct to dismiss them.
 
 
 4
 Turner's factual allegations concerning the use of his typewriter are sufficient to identify the issue. However, a prisoner's right of access to the courts does not include a federally protected right to use a typewriter, because pro se prisoners are not prejudiced by the filing of handwritten briefs. Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir.1985); Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir.1978) (per curiam); Tarlton v. Henderson, 467 F.2d 200, 200-01 (5th Cir.1972) (per curiam). So the district court was correct to dismiss Turner's case.
 
 
 5
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.