**Scott Elliot RAYMER, Petitioner–Appellee,**

v.

**Bob HICKOX, Susan Worthington, and the Delta Correctional Center, Respondents–Appellants.**

**No. 94CA1098.**

Colorado Court of Appeals, Div. IV.

April 6, 1995.

Rehearing Denied May 4, 1995.

Certiorari Denied Oct. 30, 1995.

Scott E. Raymer, pro se.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Rumaldo R. Armijo, Asst. Atty. Gen., Denver, for respondents-appellants.

Opinion by Judge PLANK.

Respondents, Bob Hickox, Susan Worthington, and Delta Correctional Center, appeal from the default judgment and the order denying their motion to vacate that default judgment entered in favor of petitioner, Scott E. Raymer. We reverse the order and judgment and remand the matter for further proceedings.

The petitioner filed a complaint in district court pursuant to C.R.C.P. 106 to review a prison disciplinary action. The respondents were served on March 10, 1994, and the Attorney General was served on March 16, 1994. On April 18, 1994, the petitioner moved for default judgment for failure to answer the complaint as required by C.R.C.P. 12. On May 17, 1994, the court granted the motion.

The respondents moved to set aside the default, arguing that it was premature because they had until approximately May 31, 1994, to answer the complaint. The court denied the motion.

We agree with the respondents that they had until May 31, 1994, to answer the complaint and that, therefore, the entry of default judgment was premature. Hence, the default judgment must be vacated and the cause remanded for further proceedings on the merits.

A C.R.C.P. 106 proceeding is conducted according to the Colorado Rules of Civil Procedure. C.R.C.P. 106(a). Although C.R.C.P. 12 requires a defendant to file an answer within twenty days of service of the summons and complaint, an exception to the rule arises under C.R.C.P. 4(e)(10). When service is on an officer, agent, or employee of the state, C.R.C.P. 4(e)(10)(A) requires the attorney general to be served in addition to the individual. *See Zaborski v. Colorado Department of Corrections*, 812 P.2d 236 (Colo. 1991). If service is not made on the attorney general within three days of service on the individual, then C.R.C.P. 4(e)(10)(C) provides that the time for answering is to be *extended* for sixty days *beyond* the time otherwise provided. Here, the attorney general was served five days after service was made on the respondents. Thus, the time for answering was extended from twenty days after service on the respondents, that is March 30, 1994, to sixty days later, May 31, 1994 (May 30, 1994, being a holiday). Accordingly, the default judgment entered sixty days after service on the respondents was premature.

The parties also argue about the effect of the record not being certified by the date set by the trial court. However, C.R.C.P. 106(a)(4)(III) provides that the date for filing the record shall be *after* the date upon which the answer must be filed. Here, the trial court set the due date prior to the return of service on the attorney general, which changed the answer due date as discussed

above. Therefore, the due date set for the record was impermissibly early. Because the record has now been filed, and a response to the complaint was filed within the applicable time limits, we conclude that the matter should proceed on the merits.

The order and judgment are reversed, and the cause is remanded with directions to proceed on the merits.

NEY and RULAND, JJ., concur.