85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lokmar Y. ABDUL-WADOOD,[2] Plaintiff-Appellant,
v.
Evan BAYH and H. Cristian DeBruyn, Defendants-Appellees.
 No. 95-1245.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1996.[1]
Decided April 30, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Lokmar Y. Abdul-Wadood, an Indiana state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights under the Fourteenth Amendment were violated when defendants, Evan Bayh, Governor of Indiana, and Christopher DeBruyn, Commissioner of the Indiana Department of Corrections refused to give plaintiff the interest accrued on funds in his inmate trust account.
 
 
 2
 The complaint was filed on February 28, 1994, purporting to be a class action filed on behalf of Indiana state prisoners, and alleging the violation of the Fourteenth Amendment, and state laws and regulations. Plaintiff sought a declaratory judgment, an injunction, and monetary damages.
 
 
 3
 On June 22, 1994, the district court granted defendants' request for additional time, granting them until July 23, 1994 to file a response to the complaint. A default order was entered on October 7, 1994, and the matter was referred to a magistrate judge. On November 2, 1994, the magistrate judge scheduled a hearing on damages, to be held on December 9, 1994, to be held at the prison. Finally, on December 8th, defendants asked the court to postpone the hearing, vacate the default order, and not enter a default judgment. The motion was denied, and the hearing was held. The magistrate judge issued a report and recommendation concluding that the default order should be set aside because the complaint did not and could not, even if an opportunity to amend were to be given, state a claim for which relief could be granted. The district court adopted the report and recommendation and dismissed pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 4
 We review the granting of a request to set aside a default judgment for abuse of discretion. Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 250-51 (7th Cir.1990). The default order was properly set aside. The entry of a default order does not automatically mean that a default judgment will be entered. The court must first assure itself that the complaint supports the right to relief. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir.1994) ("entry of default order does not, however, preclude a party from challenging the sufficiency of the complaint"); 10C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 447-48 (2d ed. 1983) ("even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").
 
 
 5
 We review the dismissal of a case pursuant to Rule 12(b)(6) de novo. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995). The complaint here fails to state a claim upon which relief can be granted because inmates in Indiana have no property right to the interest earned on their inmate trust fund accounts.
 
 
 6
 Inmates may have a constitutionally protected property interest in the funds deposited in their prison trust accounts. Campbell v. Miller, 787 F.2d 217, 222 (7th Cir.1986); Gillihan v. Schillinger, 872 F.2d 935, 939 (10th Cir.1989); Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir.1989). However, the state of Indiana has not created a property interest in the interest accrued on such an account.
 
 
 7
 The due process guarantees of the Fifth and Fourteenth Amendments come into play only when a constitutionally protected liberty or property interest is at stake. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). A protected property interest may arise from state law. Id. Indiana law provides that inmates' funds are held in "trust funds deposited with the institution for the use and benefit of, or belonging to, an inmate...." Ind.Code § 4-24-6-2(a). "Any interest or income derived from the deposit or investment of funds held in trust for any ... inmate, shall be transferred from such trust fund to a special fund to be known as the ... 'inmates' recreation fund'...." Ind.Code § 4-24-6-4. These statutory provisions do not create a property interest implicating constitutional rights to due process. Larance v. Bayh, No. 94-CV-182RM (N.D.Ind. Jan. 18, 1995), 1995 WL 46718 at * 1-2 (construing Indiana statutes); Bijeol v. Benson, 404 F.Supp. 595, 599 (S.D.Ind.1995) (construing Indiana statutes); Hendrix v. Evans, 715 F.Supp. 897, 911 (N.D.Ind.1989) (construing Indiana statutes: "Interest accrues on the funds deposited in trust, and it is the trust that has a legal right to the accrued interest, not the inmate. In trust terms, DOC is the trustee of these personal funds and the plaintiffs are the beneficiaries. Thus, upon their release, the plaintiffs will received the corpus, that is, the amount on deposit in their personal accounts. As beneficiaries, they have no legal right to the accrued interest since all income accruing in the trust shall subsequently be transferred to the Inmates' Recreation Fund"), aff'd., No. 91-3259 (7th Cir. July 13, 1992) (unpublished order).
 
 
 8
 Indiana law, therefore, does not provide the plaintiffs with any possessory right, actual or constructive, to the interest accrued on their inmate accounts. See also Washington Legal Foundation v. Texas Equal Access to Justice Foundation, 873 F.Supp. 1, 7-8 (W.D.Tex.1995) (prisoners have no protected property interest in interest generated from their trust fund accounts); Gray v. Lee, 486 F.Supp. 41 (M.D.Md.1980), aff'd., 661 F.2d 921 (4th Cir.1981) (no property interest in earned interest on inmate account); Bijeol v. Benson, 404 F.Supp. 595, 599 (S.D.Ind.1975) (same). But see Fayeweather v. Wainwright, No. TCA 75-3 (N.D.Fla. Aug. 20, 1976) (non-consensual taking of interest from inmate's account and placing interest in general welfare fund to be expended for benefit of other inmates and prison employees is clearly a taking of property without due process of law, and also a violation of equal protection). Cf. Mitchell v. Kirk, 20 F.3d 936, 938 (8th Cir.1994) ("Assuming Mitchell has a constitutional right to earn interest on his prison bank account, the Missouri prison regulations prohibiting individual interest-bearing accounts are related to valid penological purposes and do not violate the right"); Tellis v. Godinez, 5 F.3d 1314, 1316-17 (9th Cir.1993) (reversing district court order entering summary judgment for prison officials because Nevada statute expressly provided that, "interest ... must be credited to the prisoners' [personal property] fund," thus creating a property interest in the earned interest, notwithstanding prison's practice of depositing interest into prisoner recreation and law library funds); Foster v. Hughes, 979 F.2d 130, 132-33 (8th Cir.1992) (inmates do not have constitutional right to place their money in an interest-bearing account); Eubanks v. McCotter, 802 F.2d 790, 793 (5th Cir.1986) (claim is not frivolous where inmates have stated a minimally sufficient cause of action by alleging they were denied interest on trust funds).
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The complaint was filed by five inmates: Keith Allen LoRance, Anthony Wayne Riley, Mark Mandola, Roosevelt Williams, and Abdul-Wadood, on behalf of themselves and all other individuals similarly situated. Riley and Abdul-Wadood filed appeals, but only Abdul-Wadood filed an appellate brief