IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 00-40814
Summary Calendar

———————————————

PAUL ALLEN LARSON

      Plaintiff - Appellant

  v.

HERBERT S. SCOTT; BRYAN S. HARTNETT; RICHARD THALER; ANTHONY
COLLINS; FRANK WILLIAMS, Coach; M. E. CARROLL, Ms; MAIN SYSTEMS
COORDINATORS PANEL; A. SCUDDER, Correctional Officer III; OSCAR
KNOWLES, Correctional Officer III; TOVAR, Correctional Officer
III; BREED, Lieutenant; NJAKA, Sergeant; ADKINS, Major; MAYFIELD,
Major; LAPOINTE, Captain; WINDHAM INDEPENDENT SCHOOL DISTRICT;
BOYD DISTRIBUTION; SMITH CORONA CORPORATION; C. E. JARVIS; GARY
BRISENDINE, Manager, Boyd Distribution Company; JIM TURNER;
MARSHALL HERKLOTZ; JAMES A. COLLINS, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; WAYNE SCOTT; CAROL
S. VANCE; ABET BUSINESS MACHINES; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DEPARTMENT,

      Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-95-CV-654
--------------------
April 30, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Paul Larson, Texas prisoner No. 452522, appeals the

dismissal of his complaint alleging civil rights and statutory

violations as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he moves this court for appointment of counsel. The motion for counsel is denied. Larson has not demonstrated any exceptional circumstances that warrant the appointment of counsel. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

We reject Larson's suggestion that we exercise this opportunity to "revisit" our opinion in Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). Larson argues that the district court erred by rejecting as frivolous his challenge to a Texas Department of Criminal Justice (TDCJ) policy requiring inmates to purchase word-processing equipment and similar items only from authorized vendors. Larson has not established that this TDCJ policy has impinged on his constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993). Larson's argument that this policy violates federal antitrust law is frivolous. The Sherman Antitrust Act does not apply to anti-competitive actions taken by state agencies and officials in the course of performing legislatively-authorized functions. Benton, Benton, & Benton v. La. Public Facilities Authority, 897 F.2d 198, 202-03; see Parker v. Brown, 317 U.S. 341, 350-51 (1943). The Sherman Antitrust Act is inapplicable to the TDCJ's restrictions on prisoners' ability to purchase items from outside vendors. See Tarlton v. Henderson, 467 F.2d 200, 201 (5th Cir. 1972).

We reject as inadequately briefed Larson's claims that prison officials retaliated against him and that the district court failed to address certain unidentified claims raised in his amended complaint. Larson has failed to support these claims

with citation to the record.  <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993); <u>see</u> FED. R. APP. P. 28(a)(9).

The district court did not err by initially dismissing the complaint based on Larson's failure to prosecute, rather than addressing the merits of the complaint.  This court lacks jurisdiction to review the district court's determination that Larson was not entitled to a temporary restraining order. <u>See</u> <u>In re Lieb</u>, 915 F.2d 180, 183 (5th Cir. 1990).  The denial of injunctive relief was within the discretion of the district court because Larson has failed to establish a danger of irreparable injury.  <u>Black Fire Fighters Ass'n v. City of Dallas</u>, 905 F.2d 63, 65 (5th Cir. 1990).

The district court did not abuse its discretion by denying Larson's request for compensation because Larson has an adequate state-law remedy to obtain compensation for his lost property. <u>See</u> <u>Thompson v. Steele</u>, 709 F.2d 381, 383 (5th Cir. 1983); <u>Myers v. Adams</u>, 728 S.W.2d 771, 772 (Tex. 1987).

AFFIRMED; MOTION FOR COUNSEL DENIED.