**Benito NEGRON, Plaintiff–Appellant,**

v.

**Gary GOLDER, Joe Ortiz, and Cathie Holst, Defendants–Appellees.**

**No. 04CA0444.**

Colorado Court of Appeals,
Div. III.

Dec. 2, 2004.

Rehearing Denied March 10, 2005.

Certiorari Denied May 2, 2005.

Benito Negron, Pro Se.

Ken Salazar, Attorney General, Alisha M. Burris, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

TAUBMAN, J.

In this case dealing with an administrative prison regulation concerning postage and photocopying, plaintiff, Benito Negron, appeals the trial court's judgment dismissing

his case against defendants, Gary Golder, Joe Ortiz, and Cathie Holst, as frivolous. We affirm.

## I. Background

Negron is an inmate with the Colorado Department of Corrections (DOC) and was housed at the Fort Lyon Correctional Facility (FLCF) when he filed this complaint. Negron originally filed his complaint against Golder, the warden of FLCF, and Ortiz, the executive director of the DOC. In his complaint, Negron alleged violations of his rights to access the courts, due process, free speech, and equal protection. He also alleged that he had suffered cruel and unusual punishment because of these violations. Negron contends that the violations resulted from the application of DOC Administrative Regulation (AR) 850–14 (2003), which in his view improperly limited his access to postage and photocopies. Negron alleged that these limitations impeded his ability to litigate claims that arose while he was incarcerated at the Fremont Correctional Facility.

Negron filed a motion for "summary judgment" because he had not received a response to his complaint. The trial court treated Negron's motion as a motion for default judgment and denied it because Negron had not served the attorney general as required by C.R.C.P. 4(e)(10).

Negron amended his complaint to include Holst, one of DOC's legal supervisors, as a defendant, and properly served the attorney general. Defendants filed a motion to dismiss, which the trial court granted based on the doctrine of collateral estoppel. In applying the doctrine, the court relied on a federal court decision that rejected similar claims filed by Negron. *See Negron v. Jobe,* (D.Colo. No. 01–RB–630, Sept. 18, 2002) (order adopting detailed recommendation by magistrate). This appeal followed.

## II. Motion for "Summary Judgment" or Default Judgment

■ Negron contends the trial court erred in denying his motion for summary judgment, more accurately characterized as a motion for default judgment, because AR 850–14 precluded him from serving a copy of the complaint upon the attorney general as required by Colorado law. *See Schenck v. Van Ningen,* 719 P.2d 1100 (Colo.App.1986) (order denying a motion for default judgment is an appealable order). He further contends that because he is a pro se plaintiff, he should not have been held to the same standards as an individual who is represented by counsel. We disagree.

AR 850–14 regulates an inmate's right to obtain postage and photocopies on credit from the DOC. If the inmate's account is in arrears $300 or more for postage charges only, DOC may limit the inmate's outgoing legal mail to $2 per month. If an inmate's account is in arrears $300 or more for photocopy charges only, DOC may limit the inmate's photocopy privileges. AR 850–14(IV)(C).

Because Negron's account was in arrears more than $300 for postage, he was allowed $2 per month for postage at DOC's expense, which he could have used to serve his complaint on the attorney general. Additionally, even if Negron's photocopying privileges were limited by AR 850–14, a handwritten complaint would have sufficed. *See Tarlton v. Henderson,* 467 F.2d 200 (5th Cir.1972) (pro se litigant's cause is not prejudiced by the filing of a handwritten brief). Therefore, we conclude that the application of AR 850–14 did not prevent Negron from serving the attorney general.

■ Further, pro se litigants are bound by the same rules of civil procedure as attorneys licensed to practice law in this state. *See Loomis v. Seely,* 677 P.2d 400 (Colo.App. 1983); *see also People v. Romero,* 694 P.2d 1256 (Colo.1985)(pro se defendants are entitled to no greater safeguards or benefits than if they are represented by counsel). Therefore, Negron's argument that he should be held to a lower standard fails.

The trial court denied Negron's motion because he failed to serve the attorney general pursuant to C.R.C.P. 4(e)(10). *See Raymer v. Hickox,* 905 P.2d 2 (Colo.App. 1995)(when service is on an officer, agent, or employee of the state, C.R.C.P. 4(e)(10)(A) requires the attorney general to be served in addition to the individual). Because Negron

had not complied with C.R.C.P. 4(e)(10) when the trial court denied his motion, we perceive no error in the trial court's ruling.

### III. Collateral Estoppel or Issue Preclusion

Negron contends that the trial court erred in granting defendants' motion to dismiss because the court did not consider the merits of his claims. Defendants contend that Negron is precluded from raising these claims because, as the trial court found, all the issues he raises here were decided against him in the federal case. We conclude that some of Negron's claims are subject to the doctrine of issue preclusion. We address the remaining claims, which are not subject to issue preclusion, but affirm the trial court's decision on partially different grounds. *See Barham v. Scalia,* 928 P.2d 1381 (Colo.App. 1996)(if the trial court reached the correct result, we may affirm its determination on different grounds).

We review de novo an order of dismissal pursuant to C.R.C.P. 12(b)(5), accepting as true all allegations of material fact in the complaint. *Schwindt v. Hershey Foods Corp.,* 81 P.3d 1144 (Colo.App.2003). A motion to dismiss is properly granted when the plaintiff's factual allegations cannot support a claim as a matter of law. *Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095 (Colo.1995).

We note initially that the terms collateral estoppel and issue preclusion are used interchangeably, although the modern trend is to use the term issue preclusion. *A–1 Auto Repair & Detail, Inc. v. Bilunas–Hardy,* 93 P.3d 598 (Colo.App.2004).

The doctrine of issue preclusion bars relitigation of an issue that was already litigated and decided in a previous proceeding. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.,* 990 P.2d 78 (Colo.1999). Relitigation of an issue is precluded if (1) the issue precluded is identical to an issue actually determined in the prior proceeding, (2) the party against whom estoppel is asserted was a party in the prior proceeding, (3) a final judgment on the merits was entered in the prior proceeding, and (4) the party against whom estoppel is

asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *A–1 Auto Repair & Detail, Inc., supra.* However, issue preclusion does not apply to matters that could have been raised, but were not. *Indus. Comm'n v. Moffat County Sch. Dist. RE No. 1,* 732 P.2d 616 (Colo.1987).

The first element, that the identical issue was actually determined in a prior proceeding, further requires that the issue was "actually litigated and determined by a valid and final judgment." *Bebo Constr. Co., supra,* 990 P.2d at 85 (quoting Restatement (Second) of Judgments § 27 (1980)). An issue is actually litigated when it is properly raised, by the pleadings or otherwise, submitted for determination, and determined. This element also requires that an issue is "necessarily adjudicated," which occurs when a determination on that issue was necessary to a judgment or the final outcome of the case. *Bebo Constr. Co., supra.*

The second, third, and fourth elements cannot be disputed here because Negron was a party to the prior federal proceeding, a final judgment was issued in that proceeding, and Negron had a full and fair opportunity to litigate there. Accordingly, we need only consider whether the issues were identical.

Negron asserted five claims in this action: (1) denial of access to the courts, (2) violation of his right to free speech, (3) violation of his right to due process, (4) violation of his equal protection rights, and (5) violation of his right to be free from cruel and unusual punishment. However, Negron makes no argument in his brief and cites no authority to support his due process and equal protection claims; therefore, we decline to address these two claims on appeal. *See Biel v. Alcott,* 876 P.2d 60, 64 (Colo.App. 1993) ("[a]n appealing party bears the burden to provide supporting authority for contentions of error asserted on appeal, and a failure to do so will result in an affirmation of the judgment").

The remaining three claims are based on the application of AR 850–14. However, in the federal case, Negron asserted only that the postage restriction, not the photocopying restriction, violated his rights. Consequent-

ly, issue preclusion is only applicable to the claims based on the postage restriction, and we will consider the claims based on the photocopying restriction separately.

## A. Postage Restriction

Negron contends that the limitations AR 850–14 places on his right to obtain postage violate his rights of access to the courts and freedom of speech, and subjects him to cruel and unusual punishment. We conclude that Negron is precluded from raising these issues.

### 1. Denial of Access

The federal magistrate dismissed Negron's denial of access claim because Negron failed to allege an actual injury from the application of AR 850–14 to his postage rights. *See Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir.1996)(plaintiff must show that the challenged official action, restriction of his library privileges, hindered his efforts to pursue a nonfrivolous legal claim; theoretical injuries do not suffice).

We conclude that Negron raises the identical issue here. The first element of issue preclusion is satisfied because the denial of access issue was properly raised in the federal case and the court made a determination on that issue that was necessary to the dismissal of that claim.

### 2. Freedom of Speech

In the federal case, Negron asserted the identical free speech claim based on restriction of his postage rights. The federal magistrate determined that the "DOC regulation affords [Negron] postage for two personal letters a week at DOC expense," and because inmates do not have a constitutional right to free postage for nonlegal mail, Negron did not have a First Amendment right to additional postage at DOC expense. *See also Hershberger v. Scaletta,* 33 F.3d 955, 957 (8th Cir.1994). Thus, the issue was properly raised, and its determination was necessary to dismiss this claim. Therefore, the first element of issue preclusion is satisfied.

### 3. Cruel and Unusual Punishment

Negron contends that he suffered cruel and unusual punishment because defendants' postage limitations thwarted his ability to challenge his condition of confinement in civil litigation and his criminal convictions by way of postconviction relief.

In the federal case, Negron alleged that he was unable to purchase basic hygiene items because of deductions to his account for postage advanced by the DOC pursuant to AR 850–14. The federal court determined that Negron's complaint failed to allege that he was being denied "the minimal necessities of life." We conclude that the identical issue is raised in this case and in the federal case, and the court's determination on that issue was necessary to dismiss Negron's claim.

Accordingly, Negron is precluded from asserting these three claims based on the postage restriction.

## B. Photocopy Restriction

In the federal case, Negron did not allege that AR 850–14's limitation on photocopies violated his rights of access to the courts and freedom of speech or subjected him to cruel and unusual punishment. Therefore, issue preclusion does not apply to these three claims, and we address them on their merits directly.

### 1. Denial of Access to Courts and Violation of Free Speech Rights

Negron contends that the photocopying restriction denies him access to the courts and violates his freedom of speech by impeding his ability to litigate because he is forced to handwrite all of his legal documents. We disagree.

The United States and Colorado Constitutions guarantee every person the right of access to the courts. *Karr v. Williams,* 50 P.3d 910 (Colo.2002); *Buckley Powder Co. v. State,* 70 P.3d 547 (Colo.App. 2002). The First Amendment provides that Congress shall make no law abridging freedom of speech. *Denver Publ'g Co. v. City of Aurora,* 896 P.2d 306 (Colo.1995). The Colorado Constitution art. II, § 10 provides that

"[n]o law shall be passed impairing the freedom of speech; every person shall be free to speak, write or publish whatever he will on any subject ...." *See Denver Publ'g Co.,* *supra.*

Negron has failed to allege how the photocopying restrictions in AR 850–14 infringe on his right of access or his freedom of speech.

 There is no constitutional right to photocopy services. *See Jones v. Franzen,* 697 F.2d 801, 803 (7th Cir.1983)("broad as the constitutional concept of liberty is, it does not include the right to xerox"); *see also Tarlton, supra.* Negron did not allege in his complaint that he is incapable of handwriting. Therefore, because he does not have a constitutional right to make unlimited photocopies at DOC expense, and he is able to write by hand, we conclude that his rights of access to the courts and to free speech have not been violated.

▇ Furthermore, although Negron argued in his brief on appeal that he suffered physical injury, including carpal tunnel syndrome and degenerative nerve damage, because he was required to write by hand in lieu of photocopying, he did not make such allegations in the trial court. Thus, we decline to address an issue asserted for the first time on appeal. *See Schreck v. T & C Sanderson Farms, Inc.,* 37 P.3d 510 (Colo. App.2001).

### 2. Cruel and Unusual Punishment

▇ Prison officials have broad administrative and discretionary authority to manage and control prisons. *Bailey v. Shillinger,* 828 F.2d 651 (10th Cir.1987). However, they must provide humane conditions of confinement guided by contemporary standards of decency. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An Eighth Amendment violation exists only when the alleged deprivation is objectively and sufficiently serious and the prison officials act with deliberate indifference to inmate health or safety. *Penrod, supra.* A deprivation is sufficiently serious if the inmate has been denied the minimal necessities of life. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

▇ Contrary to Negron's allegation, we conclude the restrictions on his photocopy rights are insufficient to rise to the level of cruel and unusual punishment. *See Estelle, supra* (the amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency; repugnant to the amendment are punishments that involve the unnecessary and wanton infliction of pain). Therefore, we affirm the trial court's dismissal of this claim.

### IV. Res Judicata or Claim Preclusion

Because we conclude that Negron's claims were properly dismissed on other grounds, we need not address defendants' argument concerning the doctrine of res judicata or claim preclusion.

The judgment is affirmed.

Judge VOGT and Judge PICCONE concur.