**UNITED STATES of America, Plaintiff,**

v.

**1. Richard SANTIAGO, a/k/a Chuco, Defendant.**

**Criminal Case No. 10-cr-00164-REB**

United States District Court, D. Colorado.

Signed August 9, 2016

Mary Jo Menendez, Jeffrey Bradford Kahan, U.S. Department of Justice, Washington, DC, Valeria Neale Spencer, U.S. Attorney's Office, Denver, CO, for Plaintiff.

Richard Santiago, Florence, CO, for Defendant.

## ORDER RE: DEFENDANT'S MOTION FOR ORDER AUTHORIZING NECESSARY TRIAL PREPARATION SUPPLIES IN CAPITAL CASE

Robert E. Blackburn, United States District Judge

■ The matter before me is **Defendant's Motion for Order Authorizing Necessary Trial Preparation Supplies in Capital Case** [# 1082],[1] filed April 13, 2015.[2] The government filed a response ( [# 1140], filed June 15, 2015), and Mr. Santiago filed a reply ( [# 1152], filed June 26, 2015). I grant the motion in part, deny it as moot in part, and deny it in part, as set forth herein.

■ To ensure an inmate's constitutional right of meaningful access to the courts, the state must provide him with a "reasonably adequate opportunity" to present his legal claims. **Bounds v. Smith**, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977); **Petrick v. Maynard**, 11 F.3d 991, 994 (10th Cir. 1993). Practically, this standard requires prisoners be afforded paper, writing implements, stamps, and access to notary services, as well access to an adequate law library or legal advisor. **Bounds**, 97 S.Ct. at 1496–97; **Petrick**, 11 F.3d at 994. Beyond these basic requirements, the state is required to provide only such items as shown to be necessary to "assist inmates in the preparation and fil-

---

1. "[# 1082]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2. Because Mr. Santiago is proceeding *pro se*, I review his pleadings more liberally and hold them to a more lenient standard than those submitted by an attorney. *See, e.g.*, **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Haines v. Kerner**, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

ing of meaningful legal papers." **Bounds**, 97 S.Ct. at 1498. **See also Wolff v. McDonnell**, 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974) (chief aim of court's access precedents is to "protect[ ] the ability of an inmate to prepare a petition or complaint").

■ Moreover, even as to the established basic necessities (paper, pen, etc.), a prisoner does not have an unlimited right to plumb the public fisc for supplies. "Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." **Twyman v. Crisp**, 584 F.2d 352, 359 (10th Cir. 1978). **See also Penrod v. Zavaras**, 94 F.3d 1399, 1403 (10th Cir. 1996) ("[T]he constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided.") (internal citation omitted). Prison administrators thus may place reasonable limits on the quantity and type of items inmates may be given or to which they may be permitted access.

Mr. Santiago originally sought 28 separate items or categories of items which generally can be described as office supplies. He subsequently withdrew several of those requests.[3] His motion therefore is denied as moot as to those requests. As to the remainder, he has failed to articulate how any one or more of the items requested is necessary to assist him in preparing and filing meaningful legal papers. Indeed, since being permitted to represent himself, Mr. Santiago has filed numerous motions, objections, and other papers, amply demonstrating that his right of access to the courts has not been hindered by the apparent lack of the items he seeks herein. **See Lewis v. Casey**, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996).

■ Nevertheless, the government advises that it does not object to the requests for soft cover copies of the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and Black's Law Dictionary. It can hardly be gainsaid that these volumes can be expected assist Mr. Santiago in preparing and filing meaningful legal papers. Therefore, to the extent these volumes have not been provided to Mr. Santiago already, the court will order that he receive them.

■ A number of other items requested are available through the prison commissary, including Post-It notes (so long as they are all of the same color), storage boxes, a calendar/organizer notebook, and stamps. Other items—pens, accordion folders, and legal pads—also are available for purchase in the commissary, although not to the exact specifications set forth by Mr. Santiago. Mr. Santiago presents no justification as to why the items available to him are inadequate or how their lack might be thought to hinder his right of meaningful access to the court.

■ Moreover, Mr. Santiago does not demonstrate that he lacks adequate funds to purchase these items himself. Indeed, the government represents—without contradiction from Mr. Santiago—that he has over $8,000 in his prison commissary account. The right of access to the courts does not include an right to unlimited free

---

3. Specifically his requests for: a plastic ruler (Request # 6); two (2) boxes of colored highlighter markers (Request # 8); two (2) boxes of felt tip pens in different colors (Request # 9); a stapler with staple remover (Request # 11); a pair of safety scissors (Request # 14); two (2) packs of file folders in different colors (Request # 16); two (2) boxes of pencils with sharpener (Request # 18); two (2) boxes large manila envelopes (Request # 19); three (3) packages of paper clips (Request # 25); and five (5) notebooks (Request # 26). (**See Def. Reply Br.** at 4.)

supplies when an inmate can afford to buy them for himself. *See Twyman*, 584 F.2d at 359; *Harrell v. Keohane*, 621 F.2d 1059, 1060 (10th Cir. 1980) (per curiam). Mr. Santiago's implicit request that these readily available supplies be furnished at government expense therefore is denied.

■ Remaining for determination, therefore, are the following requests: (1) daily access to a telephone, both monitored and unmonitored; (2) access to a typewriter or word processor and typing paper; (3) scotch tape;[4] (4) folder tabs; (5) access to a "copier" for making copies of online research; and (6) "adequate" storage space for case-related materials. Through the declaration of Associate Warden Stephen D. Julian, the government has presented evidence that scotch tape and folder tabs can readily be fashioned into weapons and therefore present risks to the safety and security of the facility. (*See* **Gov't Resp. App.**, Exh 1 ¶ 14 at 5-6, ¶ 18 at 7.) It is reasonable and appropriate for the court to defer to the superior judgment of prison administrators as to matters affecting the security of their institutions. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987). That is especially true here, where the government has articulated adequate, rational justifications for its restrictions on such items, which Mr. Santiago has countered with nothing more than his bare *ipse dixit* as to the supposed necessity of these items. These requests accordingly will be denied as well.

■ For similar reasons, prison regulations prohibit inmate access to or use of typewriters, as their metal components can be made into weapons or lock-picking tools. (*See id.*, Exh. 1 ¶ 9 at 4.) Moreover, the Tenth Circuit (together with most other federal appellate courts) clearly has found the constitutional right of access to

the courts does not encompass the right of access to a typewriter. *Twyman*, 584 F.2d at 358. *Accord Wolfish v. Levi*, 573 F.2d 118, 132 (2nd Cir. 1978), *rev'd on other grounds*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Stubblefield v. Henderson*, 475 F.2d 26, 26 (5th Cir. 1973) (per curiam). In general, prisoners are not prejudiced by the filing of handwritten documents, *Twyman*, 584 F.2d at 358, and particularly in this case, where Mr. Santiago amply has demonstrated his ability to file legible handwritten documents, he appears adequately able to communicate with the court without necessity of typing his documents. The requests for a typewriter and typing paper therefore also will be denied.

■ Mr. Santiago's remaining requests—daily, unmonitored access to a telephone, access to make copies of electronic legal research, and adequate storage space—address matters that are governed by internal Bureau of Prisons regulations and protocols. The regulation of prison facilities is a matter firmly entrusted to the sound professional judgment of prison administrators. *See Rhodes v. Chapman*, 452 U.S. 337, 348–49, 101 S.Ct. 2392, 2400–01, 69 L.Ed.2d 59, 69 L.Ed.2d 59 (1981); *Procunier v. Martinez*, 416 U.S. 396, 404–05, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974). Giving due deference to the decisions of ADX administrators as to the safe, secure, and efficient operation of the prison, the court perceives no basis on which to interfere with the reasonable policies and procedures already in place. Contrary to Mr. Santiago's tacit assumption, his *pro se* status affords him no special privilege to circumvent existing prison protocols governing telephone calls, electronic legal research, and personal storage space. These requests therefore will be denied.

4. The attendant request for a tape dispenser has been withdrawn.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion for Order Authorizing Necessary Trial Preparation Supplies in Capital Case** [# 1082], filed April 13, 2015, is granted in part and denied in part;

2. That the motion is granted with respect to Mr. Santiago's requests for soft cover copies of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and Black's Law Dictionary, and to the extent not already provided, these volumes shall be provided to Mr. Santiago as soon as practicable;

3. That the motion is denied as moot with respect to the requests specified in footnote 3 above; and

4. That in all other respects, the motion is denied.