[No. D012226. Fourth Dist., Div. One. Sept. 17, 1991.]

JANE EVANS, Plaintiff and Appellant, v.
DAYTON HUDSON CORPORATION, Defendant and Respondent.

**COUNSEL**

Maynard Kartvedt for Plaintiff and Appellant.

Gordon & Rees and David R. Dotson for Defendant and Respondent

**OPINION**

**TODD, Acting P. J.**—Jane Evans appeals from a judgment of dismissal after the trial court sustained, without leave to amend, the demurrer of Dayton Hudson doing business as Target Stores, Inc., (Dayton Hudson) to the second amended complaint filed by her and her husband. The question presented is whether the spouse of an injured person who receives advance payments under Insurance Code[1] section 11583 is entitled to rely on the statutory

---

[1]All statutory references are to the Insurance Code unless otherwise specified.

tolling provision of section 11583 with respect to a cause of action for loss of consortium. We conclude the answer is no and affirm the judgment.

## FACTS

Because a demurrer admits all material facts properly pled (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]), the following facts are taken from the second amended complaint.

On July 18, 1988, David Evans, the husband of Jane Evans, slipped and fell in the vicinity of the cafeteria in a Target Store after the store allowed a slippery substance to remain on the floor. David Evans sustained injuries as a result of the fall.

The insurance carrier for Dayton Hudson advised David Evans on August 10, 1988, that his medical bills pertaining to the injury would be paid on submission. David Evans received his first notice of the statute of limitations by mail dated June 19, 1989.

David and Jane Evans filed their original complaint on July 19, 1989. In addition to David's cause of action for personal injuries, the complaint included a second cause of action for Jane's loss of consortium. The second amended complaint was filed on January 10, 1990.

On February 1, 1990, Dayton Hudson filed its demurrer to the second amended complaint, contending that the causes of action alleged by Jane Evans and David Evans were barred by section 340, subdivision (3) of the Code of Civil Procedure.[2] On February 28, 1990, the trial court sustained the demurrer without leave to amend with respect to Jane Evans. With respect to David Evans, the trial court sustained the demurrer with leave to amend the complaint in 15 days. On April 25, 1990, Jane Evans filed a notice of appeal.

## DISCUSSION

A complaint showing on its face the cause of action is barred by the statute of limitations is subject to general demurrer. (*Jessica H.* v. *Allstate Ins. Co.* (1984) 155 Cal.App.3d 590, 592 [202 Cal.Rptr. 239].)

For failure to assert otherwise, Jane Evans impliedly concedes that the applicable statute of limitations is one year (see Code Civ. Proc., § 340,

---

[2]Section 340, subdivision (3) of the Code of Civil Procedure provides that the statute of limitations for personal injuries is one year.

subd. (3)) and that, unless tolled or suspended, her cause of action would be barred by that statute of limitations. Jane Evans contends, however, that the advance payments made to her husband for his medical bills tolled the statute for her cause of action as well as his under section 11583.

Section 11583 provides:

"No advance payment or partial payment of damages made by any person, or made by his insurer under liability insurance as defined in subdivision (a) of Section 108, as an accommodation to an injured person or on his behalf to others or to the heirs at law or dependents of a deceased person because of an injury or death claim or potential claim against any person or insured shall be construed as an admission of liability by the person claimed against, or of that person's or the insurer's recognition of such liability, with respect to such injured or deceased person or with respect to any other claim arising from the same accident or event. Any such payments shall, however, constitute a credit and be deductible from any final settlement made or judgment rendered with respect to such injured or deceased person which does not expressly take into account such advance payments. Any person, including any insurer, who makes such an advance or partial payment, *shall at the time of beginning payment, notify the recipient* thereof in writing of the statute of limitations *applicable to the cause of action which such recipient may bring* against such person as a result of such injury or death, including any time limitations within which claims are required to be made against the state or any local public entity when such payments are made on behalf of such public entities. Failure to provide such written notice shall operate to toll any such applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given. That notification shall not be required if the recipient is represented by an attorney." (Italics added.)

While under these facts section 11583 may serve to toll the statute of limitations for David Evans's cause of action for personal injuries,[3] it does not affect Jane Evans's cause of action for loss of consortium. ▆ It is a cardinal rule of statutory interpretation that in determining legislative intent, a court looks first to the words of the statute, giving them their usual and ordinary meaning. (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 90 [260 Cal.Rptr. 520, 776 P.2d 222].) ▆ By specifying that the recipient—and not anyone else—shall be notified of the limitations period for the *recipient's* cause of action, the Legislature made clear that the benefit of tolling the limitations period contained in section 11583 was not intended

---

[3]Whether section 11583 operates to toll the statute as to David Evans's cause of action depends upon whether he was represented by an attorney.

to apply to persons beyond the recipient of advance or partial payments of claims for damages. David Evans, not Jane Evans, was the recipient of an advance or partial payment of damages. Since no advance or partial payment was made to Jane Evans, there was no statutory obligation to give her notice of the limitations period.

Furthermore, we note the purpose of section 11583, as interpreted by our courts, is to encourage early payments on prima facie meritorious claims while at the same time avoid the risk that such early payments would lull a claimant into a sense of complacency about filing a lawsuit because of the apparent cooperativeness of the defendant and/or the defendant's insurer in making the advance or partial payment of the claim. (See *Malinski v. Wegman's Nursery & Landscaping, Inc.* (1980) 102 Cal.App.3d 282, 290 [162 Cal.Rptr. 287]; *Llanera v. M & S Pipe Supply Co.* (1979) 92 Cal.App.3d 332, 336-337 [154 Cal.Rptr. 704].) Here, Dayton Hudson's insurance carrier did not mislead Jane Evans with the advance payments it made. Jane Evans has not advanced any persuasive policy reasons why she should receive the benefit of the tolling provision of section 11583.

■ Jane Evans argues that because her loss of consortium cause of action is derivative of her husband's personal injury cause of action, the tolling of the statute of limitations for his cause of action automatically tolls the statute of limitations for her cause of action. We disagree. Although Jane Evans's cause of action for loss of consortium arises from bodily injury to her husband, the injury suffered is personal to her.

■ "Loss of her husband's consortium impairs a wife's interests which are wholly separate and distinct from that of her husband: ' ". . . the wife's loss is just as real as it is distinct. She can no longer enjoy *her* legally sanctioned and morally proper privilege of copulation or procreation, and is otherwise deprived of *her* full enjoyment of her marital state. These are *her* rights, not his." ' [Citations.]" (*Lantis v. Condon* (1979) 95 Cal.App.3d 152, 157 [157 Cal.Rptr. 22], italics in original; see also *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533 [124 Cal.Rptr. 370]; *Shelton v. Superior Court* (1976) 56 Cal.App.3d 66, 73 [128 Cal.Rptr. 454].) ■ Jane Evans's cause of action, was a separate claim from that of her husband and its derivative nature does not qualify it for the tolling benefit that section 11583 imparts upon David Evans's cause of action because he was the recipient of advance payments.

Jane Evans also argues that because Jane and David's causes of actions were properly joined here the tolling benefit should also be extended to her cause of action. The argument is meritless. ■ Although joinder in one action is "the preferred method for asserting a claim of loss of consortium

. . . ." (*Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 408, fn. 29 [115 Cal.Rptr. 765, 525 P.2d 669]), an action for loss of consortium can be maintained independently of the action by the physically injured spouse. (*Abellon* v. *Hartford Ins. Co.* (1985) 167 Cal.App.3d 21, 25-26 [212 Cal.Rptr. 852].)

In sum, the tolling of David Evans's cause of action under section 11583 is not a basis for Jane Evans not to have filed her cause of action within the statutory period.

## DISPOSITION

Affirmed.

Benke, J., and Nares, J., concurred.