■ FRANK D. CAPPELLUTI et al., Respondents, v NEAL SCKOLNICK et al., Appellants. [616 NYS2d 398] —In an action to recover damages for medical malpractice, etc., the defendants appeal from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated May 4, 1992, as denied their motion for summary judgment dismissing the plaintiff-wife's derivative cause of action for loss of consortium.

Ordered that the order is affirmed, insofar as appealed from, without costs or disbursements.

Pursuant to CPLR 214-a the period of limitation for commencing an action to recover damages for medical malpractice is extended for two and one-half years after the last treatment in situations where a continuous course of treatment for the same illness or injury giving rise to the malpractice complained of has been conducted. The Court of Appeals has held that continuous treatment "tolls" the Statute of Limitations (see, McDermott v Torre, 56 NY2d 399, 407; see also, Nykorchuck v Henriques, 78 NY2d 255). In contrast to the tolls involving insanity or infancy (see, CPLR 208), where the injured party is under a disability and thus unable to pursue his or her lawful rights (see, Matter of Hurd v County of

*Allegany,* 39 AD2d 499, 502; *see also, Prude v County of Erie,* 47 AD2d 111), a person undergoing a continuous course of treatment for an illness or injury is free to bring an action for malpractice at any time he or she wishes *(see, McDermott v Torre, supra,* at 407).

We conclude that the rule which denies the benefit of a toll to derivative claims *(see, e.g., Wenthen v Metropolitan Transp. Auth.,* 95 AD2d 852), should not be applied where a continuous course of treatment tolls the Statute of Limitations. In cases of infancy or insanity the injured party is under a disability but the party claiming derivatively is not. Hence the person not under a disability must assert his or her claim in a timely manner. However, the rationale for the toll for a continuous course of treatment is entirely different than the one underlying tolls involving disabilities. As the Third Department noted in *Miller v Rivard* (180 AD2d 331, 339), "all of the policy reasons underlying the continuous treatment doctrine (i.e., avoiding the premature termination of the doctor-patient relationship by the initiation of a lawsuit, thereby promoting the efficacy of medical care, and because the patient's original physician is best placed to discover and correct his or her own malpractice) apply with equal force to [derivative] claims". To the extent that the holdings in *Allison v Booth Mem. Med. Ctr.* (155 AD2d 497), and *Dunaway v Staten Is. Hosp.* (122 AD2d 775), are to the contrary, we decline to follow them. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.