■ JONATHAN COLLUM et al., Appellants, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents. [664 NYS2d 96] —In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Lisa, J.), dated August 28, 1996, which granted the defendants' motion for summary

judgment dismissing the complaint on the ground that the plaintiffs failed to serve a timely notice of claim, and (2), as limited by their brief, from so much of an order of the same court, dated November 21, 1996, as denied that branch of their motion which was for leave to amend the complaint and bill of particulars to allege continuous treatment.

Ordered that the order dated August 28, 1996, is reversed, on the law, the defendants' motion is denied, and the complaint is reinstated; and it is further,

Ordered that the order dated November 21, 1996, is reversed insofar as appealed from, and that branch of the plaintiffs' motion which was for leave to amend the complaint and bill of particulars is granted; and it is further,

Ordered that the appellants are awarded one bill of costs.

The infant plaintiff was injured at birth on August 2, 1984, allegedly as a result of the defendants' failure to perform a timely Cesarean section. The plaintiffs served their notice of claim pursuant to General Municipal Law § 50-e on July 9, 1985, alleging a continuous course of treatment through May 1985.

A notice of claim in a medical malpractice action against the New York City Health & Hospitals Corporation must be filed within 90 days after the claim arises (*see,* General Municipal Law § 50-e; McKinney's Uncons Laws of NY § 7401 [2]). However, if applicable to the facts, the continuous treatment doctrine may toll the time within which to serve a notice of claim under General Municipal Law § 50-e (*see, Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333; *Ganess v City of New York,* 85 NY2d 733, 735; *Borgia v City of New York,* 12 NY2d 151). The continuous treatment doctrine also tolls derivative claims, such as those asserted by the infant's parents (*see, Cappelluti v Sckolnick,* 207 AD2d 763).

Upon our review of the record, we are satisfied that the plaintiffs met their burden of establishing that the infant received a continuous course of treatment through May 1985. Thus, their notice of claim was timely served, and the complaint should be reinstated.

Finally, since the notice of claim apprised the defendants of the continuous course of treatment through May 1985, the plaintiffs should have been granted leave to amend their complaint and bill of particulars as requested. Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.