**James TERRY and Holly Terry, Plaintiffs–Appellants,**

**v.**

**Patrick J. SULLIVAN, Jr., individually and in his official capacity as Sheriff of Arapahoe County; the Board of County Commissioners of the County of Arapahoe; Debra Vickrey, Polly Page, John Breckney, Marie Mackenzie, and Steve Ward, individually and in their official capacities as Commissioners; and John Does 1 through 5, individually and in their Official capacities as Officers or Deputies of the Arapahoe County Sheriff's Office, Defendants–Appellees.**

No. 00CA2156.

Colorado Court of Appeals,
Div. II.

May 23, 2002.

Certiorari Denied Dec. 16, 2002.

Pickard & Waters, P.C., Joe Pickard, Doris A. Waters, Denver, Colorado;  Stayton &

Associates, P.C., Rowe P. Stayton, Aurora, Colorado, for Plaintiffs–Appellants.

Kathryn L. Schroeder, County Attorney, Robin E. Cochran, Assistant County Attorney, Littleton, Colorado, for Defendants–Appellees.

Opinion by Judge PLANK.

In this action to recover damages related to an alleged sexual assault while James Terry (husband) was detained at the Arapahoe County Detention Facility, plaintiffs, husband and Holly Terry (wife), appeal the summary judgment in favor of defendants, Patrick J. Sullivan, Jr. (sheriff), Board of County Commissioners of Arapahoe County (Board), and Commissioners Debra Vickrey, Polly Page, John Breckney, Marie Mackenzie, and Steve Ward. Plaintiffs also appeal the trial court's order awarding attorney fees and costs. We affirm in part, reverse in part, and remand.

In June 1998, plaintiffs filed a complaint against defendants alleging five claims for relief. Husband asserted the following claims: (1) violation of his civil rights under 42 U.S.C. § 1983; (2) negligence; (3) negligent supervision; and (4) outrageous conduct. Wife asserted a claim for loss of consortium.

Upon defendants' motion, the action was removed to federal district court. The federal district court dismissed the § 1983 claim and remanded the remaining claims to state court.

Thereafter, defendants filed a motion to dismiss, or in the alternative a motion for summary judgment. The Board argued that the claims against it should be dismissed because it is comprised of separately elected officials and because the Board did not owe a duty to husband while he was an inmate at the detention facility. Additionally, the sheriff argued that a one-year statute of limitations bars all claims against him.

In response, plaintiffs argued that the Board, together with the sheriff, have a duty to manage, administer, and supervise the detention facility, and husband's claims against the sheriff were tolled for the period during which he was disabled.

The trial court dismissed all of plaintiffs' claims and awarded attorney fees and costs to defendants.

I.

■ Plaintiffs contend that the trial court erred in dismissing their claims against the sheriff as barred by the one-year statute of limitations. Because we find that the affidavits plaintiffs submitted in opposition to the motion to dismiss create a genuine issue of material fact with respect to this issue, we agree as to husband's claims.

■ Appellate review of a summary judgment is de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Southard v. Miles*, 714 P.2d 891 (Colo.1986). The burden to so demonstrate is on the moving party, and the nonmovant is entitled to all favorable inferences. All doubts must be resolved against the party seeking summary judgment. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board, supra.*

Pursuant to § 13–80–103(1)(c), C.R.S.2001, all actions against a sheriff must be commenced within one year after the cause of action accrues. However, if a person is "under disability" and without a legal representative, the statute of limitations does not begin to run against that person until either the disability is removed or that person has a legal representative. Section 13–81–103, C.R.S.2001; *see also Southard v. Miles, supra.*

As pertinent here, under § 13–81–101(3), C.R.S.2001, a "person under disability" includes "a mental incompetent." In *Southard v. Miles, supra,* the supreme court stated that in determining whether a person is a "mental incompetent" under § 13–81–101(3), courts must apply the definition of a "mental incompetent" provided in § 27–10.5–135(1), C.R.S.2001. Section 27–10.5–135(1) states, in pertinent part, that a "mental incompetent" is a person who is "mentally ill" or "gravely

disabled" as defined in § 27–10–102(5), (7), C.R.S.2001.

As relevant here, a person who is "gravely disabled" "[l]acks judgment in the management of his resources and in the conduct of his social relations to the extent that his health or safety is significantly endangered and lacks the capacity to understand that this is so." Section 27–10–102(5)(a)(II), C.R.S.2001. Additionally, a person is "mentally ill" if that person has "a substantial disorder of the cognitive, volitional, or emotional processes that grossly impairs judgment or capacity to recognize reality or to control behavior." Section 27–10–102(7), C.R.S.2001; *but see Browne v. Smith*, 119 Colo. 469, 205 P.2d 239 (1949)(court does not need to adjudge the plaintiff "insane" in order to toll statute of limitations on the basis of mental incapacity).

██ Whether the statute of limitations bars a particular claim is normally a question of fact for the jury. *J.A. Balistreri Greenhouses v. Roper Corp.*, 767 P.2d 736 (Colo. App.1988). Once the statute of limitations is raised as a defense, the burden of proof shifts to the party asserting that its application should be equitably tolled. *Garrett v. Arrowhead Improvement Ass'n*, 826 P.2d 850 (Colo.1992).

Here, it is undisputed that the alleged cause of action against the sheriff accrued on April 24, 1997 and that the complaint was filed on June 24, 1998. Plaintiffs, however, argue that husband was mentally incompetent until at least April 1998 and that therefore, the statute was tolled.

In opposition to the motion for summary judgment, plaintiffs submitted affidavits from husband, wife, and husband's treating psychiatrist. Husband's affidavit asserts that (1) because he was psychologically unstable as a result of the attack, he attempted suicide; (2) he was hospitalized for several days; (3) he is psychologically, emotionally, or physically unable to deal with the rape; (4) he suffers from post-traumatic stress disorder, sleeplessness, and flashbacks; (5) he has difficulty maintaining employment and concentrating; and (6) he suffered from nightmares, took long showers, and slept for long periods of time. Wife's affidavit asserts similar factual allegations.

Husband's treating psychiatrist asserts that (1) he treated husband since April 27, 1997; (2) he diagnosed husband as suffering from post-traumatic stress disorder and major depression; and (3) husband was disabled as a result of the posttraumatic stress disorder and major depression and was unable to make legal decisions.

The sheriff did not submit affidavits in opposition. Nevertheless, the sheriff argued that husband's affidavits were insufficient as a matter of law to create a question of fact as to husband's disability. Further, the sheriff submitted documentation that, in August 1997, husband's attorneys sent a notice of claim to Arapahoe County, delineating husband's claims and intention to sue and that, in a related criminal case, husband entered into an agreement, in December 1997, with the district attorney to waive the speedy trial requirement in exchange for a deferred prosecution.

We determine that there exists a genuine issue of material fact as to whether the statute of limitations was tolled because husband was "under disability," and thus summary judgment on husband's claim against the sheriff was improper. *See Southard v. Miles, supra* (record raised genuine issue of fact where affidavits alleged that the plaintiff had moderate to severe brain damage, that he had impaired memory and reasoning abilities, and that he was not capable of making decisions involving business, financial, and legal matters); *Doe v. Roe*, 191 Ariz. 313, 955 P.2d 951 (1998)(summary judgment on statute of limitation was improper where the plaintiff established that (1) she was unable to function in day-to-day affairs; (2) she experienced suicidal ideation, and she required institutionalization; (3) she had to quit her job and was unable to seek other employment; and (4) she was unable to seek or address the issues with legal counsel).

██ Relatedly, wife contends that the court erred in dismissing her derivative claim against the sheriff. We disagree.

██ Loss of consortium is a derivative claim. *Lee v. Colorado Department of*

*Health,* 718 P.2d 221 (Colo.1986). Derivative claims are subject to the same defenses available to the underlying claim. Nevertheless, derivative claims are separate from the claims of the injured person. Therefore, as a separate claim, loss of consortium is a distinct cause of action. *Colorado Compensation Insurance Authority v. Jorgensen,* 992 P.2d 1156 (Colo.2000).

We find *Elgin v. Bartlett,* 994 P.2d 411 (Colo.1999), persuasive on the issue of whether wife's loss of consortium claim was tolled because of husband's disability. In *Elgin,* 994 P.2d at 417, the supreme court held that "the minor's disability does not toll the statute of limitations applicable to the parents' separate claims, although such claims are derivative in nature." In support, the court stated that there is no requirement that these claims be pursued together.

We find no reason to distinguish between spousal derivative claims and parent-child derivative claims. Hence, wife's loss of consortium claim is barred by the statute of limitations because husband's disability did not toll the limitations period for her claim. *See Emerson v. Southern Railway Co.,* 404 So.2d 576 (Ala.1981)(limitation period on wife's loss of consortium claim is not tolled by husband's disability); *Evans v. Dayton Hudson Corp.,* 234 Cal.App.3d 49, 285 Cal.Rptr. 550 (1991)(same); *McCracken v. Walls–Kaufman,* 717 A.2d 346 (D.C.App.1998)(same); *Cappelluti v. Sckolnick,* 207 A.D.2d 763, 764, 616 N.Y.S.2d 398, 398 (1994)("In cases of infancy or insanity the injured party is under a disability but the party claiming derivatively is not. Hence the person not under a disability must assert his or her claim in a timely manner.").

## II.

Plaintiffs contend that the trial court erred in dismissing their claims against the Board after determining that there was no relationship between the Board and the sheriff and that the Board did not have a legal duty to ensure husband's safety while he was an inmate at the detention center. We disagree.

For claims of negligence, a plaintiff must demonstrate the existence of a duty owed by the defendant to the plaintiff. A duty may have its source in either legislative enactment or the common law. Generally, whether the defendant owes such a duty is a question of law. *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo.1987). Moreover, before a private civil remedy may be recognized for injuries resulting from a breach of obligations legislatively imposed on a governmental entity and unknown at common law, there must be a clear expression of legislative intent. *Board of County Commissioners v. Moreland,* 764 P.2d 812 (Colo.1988).

Under § 17–26–126, C.R.S.2001, the board of county commissioners has a duty to examine "the jail of its county, its sufficiency, and the management thereof during each session of the board and to correct all irregularities and improprieties therein found."

Here, the trial court properly determined that the commissioners and the sheriff are separately elected officials and that the Board does not exercise managerial control over either the sheriff or the detention center and its staff. Moreover, § 17–26–126 does not impose a legal duty on the Board to ensure an inmate's safety against assaults from other inmates, nor does that statute prescribe a civil remedy.

Accordingly, plaintiffs' claims against the Board were properly dismissed.

## III.

Finally, plaintiffs contend that the trial court erred in awarding defendants attorney fees and costs. Specifically, plaintiffs contend that (1) the award conflicts with an earlier order; (2) defendants waived any claim for attorney fees; and (3) the trial court improperly awarded nonallowable expenses. We disagree, but set aside the attorney fee award on behalf of the sheriff.

Section 24–10–110(5)(c), C.R.S.2001, provides:

In any action against a public employee in which exemplary damages are sought based on allegations that an act or omission of a public employee was willful and wanton, if the plaintiff does not substan-

tially prevail on his claim that such an act or omission was willful and wanton, the court shall award attorney fees against the plaintiff or the plaintiff's attorney or both and in favor of the public employee.

Here, plaintiffs alleged willful, wanton, and outrageous conduct by the individual defendants and sought exemplary damages. Because all claims against defendants were dismissed, the trial court awarded defendants attorney fees in accordance with § 24–10–110(5)(c).

Nonetheless, plaintiffs contend that the award is erroneous because it conflicts with an earlier order. Specifically, plaintiffs argue that the trial court delayed two weeks in notifying the parties of the order dismissing all claims; during this time, plaintiffs filed a motion to dismiss their claim for exemplary damages; and the trial court dismissed such claims and provided that the parties pay their own attorney fees. We find no error.

While the delay and concurrent motions and order are confusing, plaintiffs' claims were properly dismissed; therefore, the award was proper. However, because summary judgment on husband's claim against the sheriff was improper, the award of attorney fees as it relates to the sheriff is set aside.

Additionally, defendants did not waive their right to attorney fees. Plaintiffs' argument is premised on the assumption that the fees awarded relate to the claim dismissed from federal court. However, defendants sought, and the trial court granted, fees related solely to the state court claims alleging willful, wanton, and outrageous conduct and seeking exemplary damages.

Relatedly, plaintiffs contend that the trial court erred because it awarded nonallowable costs, specifically the costs for two deposition transcripts. Again, we disagree.

A trial court has the discretion to award costs, subject to the parameters set forth in § 13–16–122, C.R.S.2001. An award of deposition costs is within the court's discretion. *See Cherry Creek School District*

*No. 5 v. Voelker*, 859 P.2d 805 (Colo.1993). Therefore, we find no error.

The judgment is affirmed as to the claims against the Board and its members and wife's claim against the sheriff. The judgment is reversed as to husband's claims against the sheriff, and the case is remanded for further proceedings on those claims. The order awarding fees and costs is affirmed as to the individual members of the Board and reversed as to the sheriff.

Judge JONES and Judge WEBB concur.