Lonnie SCHWINDT and Gina Schwindt, Plaintiffs–Appellants,

v.

HERSHEY FOODS CORPORATION, Defendant–Appellee.

No. 02CA1825.

Colorado Court of Appeals, Div. IV.

Nov. 20, 2003.

· The Frickey Law Firm, Howard Flicker, Janet Frickey, Lakewood, Colorado, for Plaintiffs–Appellants.

**1146**

White & Steele, PC, John M. Lebsack, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this personal injury action for damages allegedly incurred as a result of a work-related injury, plaintiffs, Lonnie Schwindt (Employee) and Gina Schwindt, his wife, appeal the trial court order dismissing their claims against defendant, Hershey Foods Corporation (Employer), as barred by the exclusivity provision of the Workers' Compensation Act, §§ 8–41–102, C.R.S.2003. We affirm.

According to the allegations of the complaint, Employee was injured on the job while operating one of Employer's machines. Plaintiffs alleged that Employer had modified the machine to bypass the safety switch and to operate with the safety guards open. In addition, plaintiffs alleged that Employer knew that operation of the machine without the safety switch was dangerous, that Employer nevertheless refused to replace the safety switch, and that Employer trained Employee to operate the machine while overriding the safety switch. Employer's actions were allegedly taken "in willful, wanton and reckless disregard for the health and safety of its employees in general and [Employee] . . . in particular." Employee's wife asserted a separate claim for loss of consortium.

The trial court granted Employer's motion to dismiss both claims under C.R.C.P. 12(b)(5) based on the exclusivity provision of the Act and the derivative nature of the loss of consortium claim. Plaintiffs did not seek leave to amend their complaint following the dismissal.

## I.

Plaintiffs first contend that because their complaint alleged Employer committed an intentional tort, the exclusive remedy provisions of the Act do not bar their common law damage claims. We reject the contention.

■ We review an order of dismissal under C.R.C.P. 12(b)(5) de novo, accepting as true all allegations of material fact in the complaint. Dismissal is proper only if, based upon the allegations, the plaintiff is not entitled to relief upon any theory of the law. *Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1100 (Colo.1995).

■ The Act "provides exclusive remedies for compensation of an employee by an employer for work-related injury." *Triad Painting Co. v. Blair*, 812 P.2d 638, 641 (Colo.1991); *see* § 8–41–102, C.R.S.2003. An employer that has complied with the Act is immune from common law damage actions, and its employees are limited to the remedies provided by the Act. *Horodyskyj v. Karanian*, 32 P.3d 470, 474 (Colo.2001).

■ Further, the Act provides the exclusive remedy even where an employee is injured by the intentional tort of a co-employee, absent an allegation that the co-employee was not acting in the course of employment. *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982); *Digliani v. City of Fort Collins*, 873 P.2d 4 (Colo.App.1993). However, an employer may be held liable to an employee for common law damage claims for intentional torts committed by the employer or the employer's alter ego "if the employer deliberately intended to cause the injury and acted directly, rather than constructively through an agent." *Ventura v. Albertson's, Inc.*, 856 P.2d 35, 39 (Colo.App.1992).

■ Here, in their complaint, plaintiffs do not allege that the injuries were caused by one or more of Employee's co-employees. Rather, they allege generally that the acts and omissions causing the injury were those of Employer. As noted, we must assume the truth of the allegations of the complaint for purposes of our review of the dismissal order under C.R.C.P. 12(b)(5). Accordingly, we address the issue whether plaintiffs sufficiently alleged an intentional tort by Employer. We conclude, as did the trial court, that plaintiffs alleged at most a claim for gross negligence and that the exclusivity provisions of the Act therefore bar their action.

■ "A complaint charging a defendant with wanton and/or willful disregard of the rights and safety of others is not the equivalent of an allegation of willful or intentional injury." *White v. Hansen*, 837 P.2d 1229, 1233 (Colo.1992).

Here, although plaintiffs alleged that Employer acted in "willful, wanton and reckless disregard for the health and safety" of Employee and others, they did not allege that Employer intended to cause the injury. *See Ventura v. Albertson's, Inc., supra.*

As plaintiffs point out, courts in several states have held that, for purposes of determining applicability of the intentional tort exception to their workers' compensation law exclusivity provisions, an allegation that the employer knew its conduct was "substantially certain" to cause injury or death adequately states a claim of intentional tort by the employer. *See* 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 103.04[1] (2003)(collecting cases). That analysis remains the minority view, however, and most courts continue to require a showing of an actual and deliberate intent by the employer to bring about injury. 6 *Larson's, supra,* § 103.03; *cf. Ventura v. Albertson's, Inc., supra.*

Further, the authors of *Larson's* criticize the line of cases that has expanded the intentional tort exception to the exclusivity doctrine to include the "substantial certainty" of injury situation:

> In jurisdictions that have adopted the "substantial certainty" theory, courts sometimes have failed to examine what the employer believed and simply looked to the hazard condition to determine whether harm was "substantially certain" to occur. Because of this potential for abuse, it is advisable for jurisdictions to avoid this superficially attractive test.

6 *Larson's, supra,* § 103.4[4], at 103–32. The treatise goes on to state:

> [I]n some of the more extreme cases of employer negligence one may understandably feel the urge to chip away at the exclusiveness barrier, but experience has shown that, once a breach is made in that dam to accommodate an appealing case, it will be very difficult for the courts to know where to draw the line.

6 *Larson's, supra,* § 103.4[4] at 103–33 to – 34.

■ We agree with the analysis in the *Larson's* treatise and decline to adopt the "substantial certainty" approach taken by a minority of the courts.

In urging that their complaint adequately alleged an intentional tort by Employer, and that the substantial certainty approach should be followed, plaintiffs rely on *White v. Muniz,* 999 P.2d 814 (Colo.2000). We are not persuaded. *White v. Muniz* did not involve the issue of exclusivity of remedies under the Act, but rather concerned whether, and under what circumstances, a mentally deficient person may be held liable for the intentional tort of battery. The supreme court held that an intentional tort claim requires a showing of a dual intent—"the defendant both intended the contact and intended it to be harmful or offensive." *White v. Muniz, supra,* 999 P.2d at 818. In so holding, the court indicated it was applying the definition of the intentional tort of battery in the Restatement (Second) of Torts § 18 (1965), and the court quoted with approval the following language from comment e to that section:

> [I]t is necessary that an act be done for the purpose of bringing about a harmful or offensive contact ... to another or to a third person or with knowledge that such a result will, *to a substantial certainty,* be produced by his act. It is not enough to make the act intentional that the actor realize that it involves any degree of probability of a harmful or offensive contact ..., less than *a substantial certainty that it will so result.*

*White v. Muniz, supra,* 999 P.2d at 816 n. 6 (emphasis added).

Because *White v. Muniz, supra,* did not arise under the Act, we do not read the definition of battery approved in that case to apply in the context of evaluating whether an employee's tort claim is barred by the exclusivity provisions of the Act.

Moreover, plaintiffs' complaint here did not plead the intentional tort of battery. Thus, plaintiffs' allegation that Employer acted in "reckless disregard for the health and safety" of Employee does not escape the general exclusivity of remedies under the Act. *Cf. White v. Hansen, supra.*

## II.

██ Plaintiffs next contend that the loss of consortium claim of Employee's wife is separate from and independent of Employee's claim and that the trial court therefore erred in dismissing it. We reject the contention.

██ The exclusivity provision of the Act, § 8–41–102, bars not only personal injury and death claims by the employee, but also common law actions and remedies "for and on account of" such death or personal injury.

 A loss of consortium claim is derivative of the underlying injury claim and therefore subject to the same defenses. *Lee v. Colo. Dep't of Health,* 718 P.2d 221 (Colo. 1986); *Terry v. Sullivan,* 58 P.3d 1098 (Colo. App.2002). Thus, if an employee's injury claim is barred by the exclusive remedy provisions of the Act, a loss of consortium claim by the employee's spouse is also barred. *Keefe v. Pizza Hut of America, Inc.,* 868 P.2d 1092, 1094 (Colo.App.1993), *aff'd,* 900 P.2d 97 (Colo.1995); *see also Alexander v. Morrison–Knudsen Co.,* 166 Colo. 118, 444 P.2d 397 (1968).

While we agree with plaintiffs that the loss of consortium claim is separate, it nevertheless remains entirely dependent upon Employee's individual right to recover, is subject to the same defenses that apply to that underlying claim, and therefore was properly dismissed. *See Colo. Comp. Ins. Auth. v. Jorgensen,* 992 P.2d 1156 (Colo.2000); *Terry v. Sullivan, supra.*

## III.

██ Relying on *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993), plaintiffs contend that the trial court erred in not conducting an evidentiary hearing before dismissing the complaint. We disagree.

In *Trinity Broadcasting,* the motion to dismiss was for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1), rather than for failure to state a claim. Specifically, the motion in that case was based on claimed immunity under the Governmental Immunity Act, which the court determined was a mat-ter of subject matter jurisdiction. The court held that if a motion attacks the jurisdictional allegations of the complaint, the trial court may receive evidence pertaining to the motion.

██ In contrast, in determining a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), a court may consider only matters within the four corners of the pleading and must accept the allegations as true. *Espinoza v. O'Dell,* 633 P.2d 455, 467 (Colo. 1981); *Kratzer v. Colo. Intergovernmental Risk Share Agency,* 18 P.3d 766 (Colo.App. 2000).

██ Thus, in ruling on a C.R.C.P. 12(b)(1) motion, a trial court bases its conclusions of law on the facts it has found, while in ruling on a C.R.C.P. 12(b)(5) motion, as here, the court bases its conclusions of law on the allegations in the complaint. *Medina v. State,* 35 P.3d 443, 452 (Colo.2001).

Because a motion to dismiss based on the exclusivity provisions of the Act does not go to the subject matter jurisdiction of the court, an evidentiary hearing is neither required nor appropriate. Therefore, the trial court did not err in ruling on Employer's motion without such a hearing.

The order is affirmed.

Judge VOGT and Judge WEBB concur.