**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEITH E. FRAZIER,

      Plaintiff-Appellant,

v.

ED JORDAN, Sheriff of Weld County;
DR. FLOWER, Weld County Centennial
Jail Physician; JANE DOE #1, Weld
County Centennial Jail Dietician; LEON
WIKOFF, Weld County Centennial Jail
Correctional Officer; JOHN DOES #3
through #7 and JOHN DOE #9, Weld
County Centennial Jail Personnel;
KENNETH LEACH, Weld County
Centennial Jail Correctional Officer, each
in their individual and official capacities;
and THE MUNICIPALITY OF WELD
COUNTY, by and through THE BOARD
OF COUNTY COMMISSIONERS OF
THE COUNTY OF WELD.

      Defendants-Appellees.

No. 06-1333

(D.C. No. 04-CV-1914-LTB-BNB)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Plaintiff Keith Frazier ("Frazier") appeals the district court's dismissal of his pro se action filed pursuant to 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Frazier, who is currently incarcerated with the Colorado Department of Corrections, filed his complaint on September 7, 2004, against Ed Jordan ("Jordan"), the former sheriff of Weld County, the Board of County Commissioners of Weld County ("BOCC"), and ten Jane/John Doe defendants for violations of his Eighth and Fourteenth Amendment rights. After learning the identity of two of his John Doe defendants, Dr. Thomas Flower ("Flower") and Leon Wikoff ("Wikoff"), Frazier submitted an amended complaint against Jordan, Flower, Wikoff, the BOCC, and eight remaining Jane/John Does on December 17, 2004. On July 18, 2005, the district court granted Frazier's motion to identify John Doe #8 as correctional officer Kenneth Leach ("Leach").

In his amended complaint, Frazier alleges that during his pretrial detention at the Weld County Centennial Jail ("WCCJ") he was denied a sufficient amount of food in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and the substantive due process clause of the Fourteenth Amendment. He claims that

Flower, a physician at WCCJ, ignored his requests for additional food. He also asserts that Wikoff, a correctional officer, "purposefully misinterpret[ed] a frivolous and rarely-used rule" to confiscate excess ramen soup packets from his cell. Record on Appeal ("ROA"), Tab 35 at 4d. He alleges that Jordan denied his request for an additional review of his excess soup infraction "on a technicality." Id. at 4e. Finally, Frazier asserts that Leach, while conducting an evening cell inspection, found a cheeseburger he had hidden in a bowl in his room. Frazier "tricked the officer into letting him examine what he'd found, and once he had the food back in his hands, he quickly tried to eat it." Id. at 4g. He contends that Leach then "went berserk and attacked [him] in an effort to prevent him from eating his own food." Id. He claims that Leach tackled him and wrestled with him, while attempting to pull food out of his mouth, resulting in "minor injuries" to Frazier. Id. Frazier fails to allege any facts related to any action taken or a policy implemented by the BOCC that caused or led to the alleged violations of his constitutional rights.

On October 15, 2004, the district court denied Frazier's motion for appointment of counsel. On August 31, 2005, the district court dismissed Frazier's claims against Flower and Jordan for failure to state a claim and failure to file within the statute of limitations. It dismissed the claim against the BOCC and its current sheriff, John Cook ("Cook"), for failure to adequately allege a governmental policy or custom causing deprivation of a constitutional right. The district court also dismissed Frazier's claims against Wikoff, concluding that Frazier's claim was time-barred and he was not entitled to equitable tolling of the statute of limitations. On September 21, 2005, the court dismissed Frazier's

claims against his remaining Jane/John Doe defendants. Finally, on July 18, 2006, the district court adopted the recommendation of the magistrate judge, which concluded that Frazier's claim against Leach was barred by the statute of limitations, Frazier was not entitled to equitable tolling, and recommending dismissal of Frazier's claim against Leach and Frazier's suit in its entirety.

Although Frazier lists sixteen issues for review in his notice of appeal, several of the issues are redundant. To summarize, Frazier argues that the district court erred in: (1) denying his motion to appoint counsel and, in the process, exhibiting bias towards him; (2) dismissing his case against Jordan and Flower as barred by the statute of limitations and for failure to state a claim, concluding that he was not entitled to equitable tolling, and dismissing his claims against Wikoff and Leach as time-barred; (3) concluding that the continuing violations doctrine was inapplicable to his case; (4) dismissing his suit before allowing sufficient time for discovery and dismissing his suit against unnamed Jane/John Doe defendants; (5) dismissing his claim against the BOCC and the current sheriff of WCCJ for failure to state a claim; and (6) neglecting to address his request for injunctive relief. Because Frazier is a pro se litigant, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

We "review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion. The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."

-4-

Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (citations omitted).  The district court's decision to deny counsel will only be overturned "in those extreme cases where the lack of counsel results in fundamental unfairness."  Id.  "In evaluating a prisoner's request for appointed counsel, the court should consider 'the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims.'"  Id. at 1224.

In evaluating Frazier's motion for appointment of counsel, the magistrate judge considered the proper factors and determined that Frazier adequately presented his claims, his factual and legal issues were not complex, and the allegations in the complaint did not indicate a strong chance of success on the merits.  We cannot conclude that Frazier's lack of counsel resulted in fundamental unfairness.  Frazier's complaint demonstrates that he adequately and thoroughly presented his factual claims and legal arguments and the magistrate judge noted that he would construe Frazier's pleadings liberally in light of his pro se status.  Finally, Frazier fails to demonstrate that the court was biased against him.  The magistrate judge did not abuse his discretion in denying Frazier appointed counsel.

The district court dismissed Frazier's claims against Flower, Jordan, Wikoff, and Leach as time-barred.  On appeal, Frazier concedes that he filed his complaint outside the limitations period, but argues that he was entitled to equitable tolling of the statute of limitations and application of the continuing violations doctrine.  We review a district court's determination that a plaintiff's claims are barred by the statute of limitations de novo.  Cisneros v. ABC Rail Corp., 217 F.3d 1299, 1304 (10th Cir. 2000).

Section 1983 claims are subject to the relevant state statute of limitations for personal injury actions. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). In Colorado, personal injury actions are subject to a two-year statute of limitations. Id. at 1266; Colo.Rev.Stat. § 13-80-102. Because his cause of action arose in Colorado, Frazier's § 1983 suit was governed by a two-year statute of limitations. "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." Hunt, 17 F.3d at 1266.

According to Frazier's amended complaint, his claim against Flower accrued in November of 2001. His claims against Wikoff and Jordan accrued in January of 2002 and his claim against Leach accrued in March of 2002. Frazier had two years from the accrual of each of his claims to file his complaint. Frazier did not file his complaint until September 7, 2004, which was between five and ten months after the requisite limitation period had run for his claims against each of these defendants. Frazier argues that he is entitled to equitable tolling because he was denied access to the WCCJ's law library. He asserts that he did not have access to a law library until October of 2002 when he was transferred to the general population of the Sterling Correctional Facility. He contends that he requested use of the WCCJ's law library on August 10, 2001, but was denied access by a correctional officer not named in his complaint.

The issue of tolling is governed by state law. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). In Colorado, an "equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to

bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). Frazier asserts that the defendants at issue wrongfully impeded his ability to bring his claim because they denied him access to the WCCJ's law library. While acknowledging that the identity of the officer who denied him access to the library is unknown and that this officer is not a named defendant in his case, he asserts that this fact is irrelevant because the officer claimed to be following jail policy. Frazier also alleges that extraordinary circumstances prevented him from filing his complaint despite his diligent efforts. He notes that he had only two to four hours a week to spend in the law library and that, at that time, he had no experience with litigation.

"Because tolling is an equitable remedy, its application involves an examination of the facts and circumstances of individual cases to determine when equity requires such a remedy." Morrison v. Goff, 91 P.3d 1050, 1057 (Colo. 2004). Frazier's complaint does not allege that Flower, Jordan, Wikoff, or Leach was involved in any way with denying him access to the WCCJ's library. Because none of these defendants were involved with denying Frazier access to the law library, he cannot argue that they "wrongfully impeded" his ability to bring a claim. Dean Witter, 911 P.2d at 1099. In addition, even if Frazier was not granted access to a law library until October of 2002, he still had at the very least thirteen months to file his complaint and Frazier acknowledged that he had between two and four hours a week to spend in the prison's law library. In light of this, Frazier fails to demonstrate that there were truly extraordinary circumstances preventing him from timely

-7-

filing his complaint.

Frazier also argues that the continuing violations doctrine should apply to his case. The continuing violation theory "is a creation of federal law that arose in Title VII cases" and "recognizes that certain violations are continuing in nature and provides that a claim asserting such a violation is timely if administrative charges are filed within the period applicable to the last act in the continuing series." Thomas v. Denny's, Inc., 111 F.3d 1506, 1513 (10th Cir. 1997). To establish a continuing violation, a plaintiff must show that the claimed discriminatory acts that occurred outside the limitations period were sufficiently related to at least one act occurring within the relevant filing period, thereby constituting a continuing pattern of discrimination. Furr v. AT&T Tech., Inc., 824 F.2d 1537, 1543 (10th Cir. 1987). Frazier asserts that he was underfed during his entire stay at the WCCJ and that he was denied access to the WCCJ's law library during the duration of his confinement, triggering the continuing violations doctrine. As a preliminary matter, Frazier has failed to provide any authority in which this circuit has applied the continuing violations doctrine to a § 1983 claim. See Hunt, 17 F.3d at 1266 (declining to determine if continuing violations doctrines applies to § 1983 suits); Thomas, 111 F.3d at 1514 (declining to apply continuing violations doctrine to § 1981 claims because the doctrine "is a creature of the need to file administrative charges" and is not applicable to § 1981 claims, which do not require such charges).

Additionally, Frazier misconstrues the purpose and application of the doctrine. First, Frazier fails to assert any violation that occurred within the two-year statutory

-8-

period preceding his complaint. Second, he actually argues that he was subjected to continuing ill effects (continuous undernourishment and lack of access to the law library) from the defendants' original actions, not that the defendants committed further constitutional violations against him within the two-year statutory period preceding the filing of his complaint. The continuing violations doctrine is triggered by continual unlawful acts, not by continual ill effects from the original violation. Bergman v. U.S., 751 F.2d 314, 317 (10th Cir. 1984).

Frazier's claims against Jordan, Wikoff, and Leach refer to specific incidents, each of which occurred outside the statutory period. Nowhere does Frazier allege that any of these defendants continued to harass him after these specific incidents. Frazier asserts that Flower denied him extra food rations on several occasions, but the last time Flower denied him extra food was in November of 2001. Frazier asserts no other violations committed by Flower after this date. In addition, Frazier asserts that he was informed on August 10, 2001, that he was denied access to the law library. Nowhere in his amended complaint does he allege that he continued to seek and was denied access to the library. In fact, in his reply brief, he admits that he did not seek further access to the law library because it would have been pointless. Because Frazier is actually arguing continual ill effects from the defendants' prior actions (which fall outside the statutory period), the continuing violation doctrine is inapplicable to this claim.

On September 21, 2005, the district court dismissed Frazier's claims against Jane Doe #1, John Does #3 through #7 and #9 for failure to show cause for his failure to serve

-9-

process upon these defendants within 120 days as required by Federal Rule of Civil

Procedure 4(m).[1] "The preliminary inquiry to be made under Rule 4(m) is whether the

plaintiff has shown good cause for the failure to timely effect service." Espinoza v.

United States, 52 F.3d 838, 841 (10th Cir. 1995). "If good cause is shown, the plaintiff is

entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the

district court must still consider whether a permissive extension of time may be

warranted. At that point the district court may in its discretion either dismiss the case

without prejudice or extend the time for service." Id. We review a district court's

dismissal for failure to effect service for abuse of discretion. Scott v. Hern, 216 F.3d 897,

912 (10th Cir. 2000).

Frazier filed his complaint in September of 2004. The district court ordered him to

show cause for his failure to serve his Jane/John Doe defendants in September of 2005.

Prior to this order, the district court had twice granted Frazier time extensions to serve

defendants and Frazier was given the opportunity to conduct discovery to identify the

Jane/John Doe defendants. He received answers to his first set of interrogatories in

January of 2005, nearly seven months before he was ordered to show cause for failing to

---

[1]Federal Rule of Civil Procedure 4(m) states:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

serve the unnamed defendants. Despite this, Frazier asserts on appeal that he was not given a fair opportunity to conduct discovery as to the unnamed defendants because the defendants failed to make a good faith effort to answer his interrogatories.

In its order dismissing Frazier's claims against the Jane/John Doe defendants, the district court did not state whether it considered a permissive extension of time. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Espinoza, 52 F.3d at 841. However, the court had previously allowed Frazier at least two extensions of time for service and permitted him to conduct discovery as to the identities of the unnamed defendants. "A pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4." DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993). Because the rule does not require the district court to grant Frazier yet another permissive extension of time to file service and Frazier had adequate time to identify the unnamed defendants, we conclude that the district court did not abuse its discretion in dismissing the remaining Jane/John Doe defendants.

On August 31, 2005, the district court dismissed Frazier's claims against the BOCC and WCCJ's current sheriff, Cook, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Frazier failed to adequately allege a governmental policy or custom causing any deprivation of a constitutional right against either party. In addition, the district court noted that Frazier failed to name Cook as a party defendant and had admitted in his objection to the magistrate judge's report and recommendation that "John Cook is not legally responsible for any liability that was incurred by Ed Jordan during his

-11-

tenure as Sheriff of Weld County, and as such, the Plaintiff would have no intention of pursuing any legal action against John Cook." ROA, Tab 58 at 1-2.

"Because the sufficiency of a complaint is a question of law, we review de novo the district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), applying the same standards as the district court." Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Dismissal of a complaint is proper only if "it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Id. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

On appeal, Frazier argues that the court erred in dismissing his claim against Cook because he established the sheriff of Weld County, in his official capacity, as a defendant in his action. Frazier's complaint names Jordan, the former WCCJ sheriff, as a defendant in his individual and official capacities. The complaint does not name Cook as a defendant or assert any allegations against him. In fact, Frazier admits in his reply brief on appeal that he could not allege a specific violation against Cook because he was never employed as a sheriff during the time he was incarcerated at WCCJ. In addition, Frazier fails to describe any policy or custom implemented by the WCCJ that violated his constitutional rights.

-12-

Frazier argues that he adequately stated a claim against the BOCC, although he admits that he could only make assumptions as to relevant policies or customs because he was denied discovery on this issue. Despite a liberal reading of Frazier's complaint, he fails to describe any policy or custom in place at the WCCJ or implemented by the BOCC that violated his constitutional rights. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

In the section of his amended complaint entitled "Parties," Frazier lists the BOCC and cites to Colorado state statutes that allegedly impose responsibilities upon the BOCC to correct improprieties in prisons located in its county. Frazier never mentions the BOCC at any other time in his complaint. Colorado statute § 17-26-126, C.R.S. 2001, states that the BOCC has a duty to examine "the jail of its county, its sufficiency, and the management thereof during each session of the board and to correct all irregularities and improprieties therein found." Terry v. Sullivan, 58 P.3d 1098, 1102 (Colo. Ct. App. 2002). However, because "the commissioners and sheriff are separately elected officials" and "the Board does not exercise managerial control over either the sheriff or the detention center and its staff," a board of county commissioners does not have a duty to ensure an inmate's safety at the detention center. Id. Colorado state law does not hold

-13-

the BOCC responsible for the acts of the sheriff or staff of a detention center in its county. Because Frazier's amended complaint fails to describe any policy or custom in place at the WCCJ or implemented by the BOCC that violated his constitutional rights, the district court properly dismissed his claim pursuant to Rule 12(b)(6).

Finally, Frazier asserts that the district court erred in failing to address his motions for injunctive relief. It is unclear if Frazier is appealing the district court's failure to address the injunctive relief he requested in his amended complaint or if he is referring to his later motions for emergency injunctions. Neither claim has merit. If Frazier is referring to the injunctive relief requested in his complaint, the district court has no duty to address this issue because it dismissed his suit in its entirety.

Additionally, the district court addressed Frazier's later motions for emergency injunctive relief and denied them. Because Frazier did not object to the magistrate judge's report and recommendation, which recommended a denial of these motions, within the required ten-day time period, this issue is waived on appeal. Key Energy Res., Inc. v. Merrill, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). Even if we were to consider this issue, Frazier's claim fails because his motions for injunctive relief did not implicate any of the defendants in his suit, but alleged violations occurring at the Kit Carson Correctional Center, which was not a party in his suit.

Based on the foregoing analysis, we AFFIRM the district court.[2]

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2] We GRANT Frazier's motion to proceed on appeal without prepayment of costs and fees and remind him that he is obligated to continue making partial payments until the entire fee has been paid.